GALLAGHER, Respondent, vs. GALLAGHER, Appellant.

*January 15 — February 5, 1895.*

*Divorce: Division of property: Estate of wife "derived from the husband:" Money charge on land assigned to the wife: Execution.*

1. The estate of the wife derived from the husband, which under sec. 2364, R. S., may, upon judgment of divorce, be divided between the parties, includes not merely property transferred directly from the husband to the wife, but all property held in the wife's name which was substantially derived, mediately or immediately, from the husband.

2. For two or three years after their marriage husband and wife lived upon and improved forty acres of land which was the wife's property prior to the marriage and represented an investment of $50. During this time the wife's earnings belonged to the husband, and during most of the time, at least, the rents, issues, and profits of her lands were his. Said forty acres was then sold, and with the proceeds another forty acres was purchased, title to which was taken in the husband's name with the wife's consent. Afterwards the second forty acres was sold and eighty acres purchased with the proceeds, the title again being taken, with the wife's consent, in the name of the husband. *Held,* that the wife had no separate estate in the second forty acres or the eighty acres, and that the husband's title thereto was absolute.

3. Afterwards the said eighty acres was sold and another eighty purchased with the proceeds, title to forty acres thereof being taken in the wife's name. *Held,* that such forty acres and lands afterwards acquired in the wife's name with the proceeds of their farming operations were property derived from the husband which might be divided upon judgment of divorce.

4. Where the division of property upon a judgment of divorce includes lands held by the wife but derived from the husband, the court may subject such of said lands as are assigned to the wife to a charge for the payment of money by her to the husband; but it cannot direct an execution to issue against her in case such money is not paid.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed in part, reversed in part.*

Gallagher vs. Gallagher.

This is an action for divorce, commenced by the husband, on the ground of cruel and inhuman treatment. It appears that the parties were married in 1848, and are now sixty-two years of age, and that their children are all adults. On the trial much testimony was produced as to the alleged cruel and inhuman treatment, but it is not necessary to state it here. It appears that at the time the action was commenced the parties owned 280 acres of land in Sheboygan county. Of this land, the title to the homestead forty acres was in the husband, and the title to the balance was in the wife. It was all clear of incumbrances, except a mortgage of $1,000 on eighty acres of the land, the title to which land was in the wife. The entire real estate was of the value of about $15,000. There was also some personal property, consisting of a mortgage of $1,400 running to the wife, and stock, farm machinery, and grain, of the value of about $8,000. The circumstances under which this property was accumulated are briefly as follows:

When the parties were married the defendant had title to an unimproved forty acres of land in Washington county, which had cost her $50, and she also had some money, the amount of which is somewhat uncertain from the evidence, but she claims it to have been about the sum of $300. The husband testifies that he had some earnings in money, but the amount of the earnings does not appear. After the marriage the parties commenced to live on this forty acres of land, and the husband built a small house and other buildings thereon. They lived there, improving the property by their joint efforts, for two years, and then sold it for $335, and with the proceeds of the sale purchased another forty acres in the same county, the title of which was taken in the name of the husband. The husband made improvements upon this place, and the parties lived upon it four years, and then sold it for $550, and bought eighty acres of land in the town of Scott, Sheboygan county, for the sum of $275, the

title of which was also taken in the name of the husband. Upon this place the parties lived for eight years, making improvements thereon and accumulating personal property, and then sold it for $1,200, and immediately bought eighty acres of land in the town of Lima, in Sheboygan county, the title to forty acres of which was taken in the husband's name, and forty acres in the wife's name. Here they lived until this action was brought, working the farm together and accumulating money and property. From time to time, out of the net proceeds of their joint labors, they bought the remaining 200 acres of land which they now own, the title to all of which was taken in the wife's name. It appears that the wife commenced at an early day to make loans of her separate money and of the money arising from the profits of the farms, taking the securities for such loans in her own name, apparently with the consent of her husband; and she now has in her name the $1,400 mortgage before spoken of, and claims the title to all the stock, farming implements, and grain.

The court made findings of fact to the effect that the defendant had treated the plaintiff in a cruel and inhuman manner, as alleged in his complaint, and that the counter allegations of cruelty made by the defendant were not proven; that the real and personal property before referred to was held by the parties substantially as in the foregoing statement set forth; "that said real estate and personal property so held in the name of the said defendant was mostly derived from the work, thrift, and industry of the said plaintiff, with the co-operation therein of the said defendant, and the title thereof placed in the said defendant by consent of the plaintiff, or through the insistence of the defendant, and not as the fruit of separate property of the said defendant, except for a small amount thereof, and each had a small amount of separate property at the commencement of such acquisitions."

As conclusions of law, the court found that the plaintiff was entitled to the judgment of divorce from bed and board forever; also, to an equitable division of the property held in the name of the defendant, and that a final division thereof should be had as follows: The plaintiff to retain the forty acres of land whereof title is held by him, and, in addition thereto, two other forty-acre pieces of land, of which the title is in the defendant; also, that the defendant deliver to the plaintiff the sum of $1,100, or, in lieu thereof, $100 in cash and a mortgage upon her remaining real estate of $1,000, all within sixty days from the service of the certified copy of the judgment, and that such payment may be enforced by execution if not paid within said time, and that said sum of $1,100 constitute a lien upon the real estate retained by the defendant, until paid; that the title to the remaining real estate and to all of the personal property vest in the defendant as her share of said property upon the final division.

Judgment according to this finding was entered, and defendant appeals.

For the appellant there were briefs by *Henry Fitzgibbon*, attorney, and *Gabe Bouck*, of counsel, and oral argument by *Mr. Bouck*.

For the respondent there was a brief by *Francis Williams*, attorney, and *Quarles, Spence & Quarles*, of counsel, and oral argument by *T. W. Spence*.

WINSLOW, J. We are satisfied, from a perusal of the evidence, that there was sufficient evidence in the case to justify the judgment of divorce. The sole remaining question is as to the division of property.

The defendant's counsel is entirely right in his contention that the court derives its power to pass title to lands upon a judgment of divorce entirely from the statute. *Bacon v. Bacon*, 43 Wis. 197. The statute provides (R. S. sec. 2364)

that upon judgment of divorce the court may finally divide
and distribute the estate, both real and personal, of the hus-
band, and so much of the estate of the wife as shall have
been derived from the husband, between the parties, and
divest and transfer the title of any thereof accordingly;
having always due regard to the legal and equitable rights
of each party, the ability of the husband, the separate estate
of the wife, the character and situation of the parties, and
all the circumstances of the case. The statute further pro-
vides (sec. 2372) that no judgment of divorce shall in any
way affect the right of the wife to the possession and con-
trol of her separate property, real or personal, except as
provided in this chapter. It seems clear, from this provis-
ion, that the wife's separate estate cannot be touched, and
that, unless the property held in the wife's name can be
properly said to have been property derived from her hus-
band, the judgment in this case cannot be sustained.

It was argued that the words, property derived from the
husband, as used in sec. 2364, meant only property directly
transferred by the husband to the wife. Under this con-
tention, if the husband deeded to the wife a parcel of land,
and while she still owned the parcel a divorce was obtained
by either party, the judgment of divorce might provide for
a division of that land; but if the land had been sold and
the proceeds invested in another parcel of land, such second
parcel could not be divided. We cannot subscribe to such
a severe construction. The statute must be so construed as
to effectuate its evident purpose. The apparent purpose of
the provision under consideration is to authorize the court to
make an equitable and final division of the husband's entire
property, whether it be held in his own name or in his wife's
name, and to exclude from such division the property of the
wife which has not been derived from the husband. To ac-
complish this purpose, we think the test must be, not whether
the particular piece of property standing in the wife's name

was transferred directly from the husband to the wife, but whether, as matter of fact, it was substantially derived, mediately or immediately, from the husband.

Applying this principle to the present case, it is quite clear that the trial court was entirely justified in transferring the title to a part of the land held in the wife's name to the husband. The original forty acres on which the parties began to live in 1848 was the wife's property prior to her marriage, and represented an investment of $50. The rents, issues, and profits of it, however, belonged to the husband, prior, at least, to the enactment of ch. 44, Laws of 1850.[1] This forty acres was sold in 1850 or 1851, and another forty acres bought with the proceeds, title to which was taken in the husband's name with the wife's consent. This second forty acres was kept four years, when it was sold and eighty acres was bought and the title taken by the husband with the wife's consent. During all this time, also, the wife's earnings belonged to her husband. *Edson v. Hayden*, 20 Wis. 682. Under these circumstances it is difficult to see how defendant had any separate estate in either of the two parcels of land the title to which was taken in the husband's name with her consent. We see no escape from the conclusion that his title to these parcels was absolute and free from any trust or claim by the wife. R. S. sec. 2077; *Skinner v. James*, 69 Wis. 605. Therefore, when they sold the last-named eighty acres they sold the husband's land, and when with the proceeds of that sale they bought eighty acres in the town of Lima, taking title to forty acres in the wife's name, it must be held that such forty acres was property derived from the husband. If this be so, then it is quite clear that the lands subsequently acquired, the title to

---

[1] Sec. 1, ch. 44, Laws of 1850, provides: "The real estate, and the rents, issues, and profits thereof, of any female now married, shall not be subject to the disposal of her husband, but shall be her sole and separate property, as if she were a single female." — REP.

which was taken in the wife's name, and which were paid for from the profits of the farming operations, must also be held to be property derived from the husband, so far, at least, that it may be divided upon judgment of divorce.

The division made by the court seems to be fair and equitable between the parties. Certainly the defendant cannot complain, as her share is somewhat larger than the plaintiff's. We see no objection to the charge of $1,100 made upon the lands assigned to the wife. If the court could divest title to these lands, it manifestly could incumber the title by subjecting it to such a charge. There is, however, no authority for that part of the judgment which directs an issuance of execution against the wife in case the said $1,100 is not paid within sixty days. Neither the statute nor the common law charges her with any personal liability, and this part of the judgment is erroneous and must be reversed.

*By the Court.* — Judgment affirmed, except that part thereof which directs the issuance of execution against the defendant, which part of the judgment is reversed. No costs awarded to either party. The respondent must pay the fees of the clerk of this court.

