Frackelton vs. Frackelton.

FRACKELTON, Appellant, vs. FRACKELTON, Respondent.

*June 2 — September 26, 1899.*

*Divorce: Division of property: Homesteads: Property derived from the husband: Costs.*

1. In an action for divorce it appeared that the plaintiff, the wife, was no longer young, not in strong health, and burdened with the support of a daughter eleven years of age whose custody was awarded her by the judgment; that she had a small business depending entirely on her own efforts; and that the homestead, necessarily un-

Frackelton vs. Frackelton.

productive, valued at $15,000, was incumbered by mortgages to the extent of $10,000 and subject to a large annual tax charge as well as the annual interest charge. *Held*, that a judgment awarding plaintiff such homestead, subject to the payment of $2,500 to the husband, and making that amount an additional lien thereon, is not justifiable, even conceding the power of the court to place a lien upon the homestead for the benefit of the husband.

2. Where a husband built a house, costing $7,000, on lands of his father, and the father thereafter conveyed the premises to the wife for a nominal consideration, and it appeared that the wife had paid from her own earnings, in taxes and interest on mortgages, more than the cost of the house, the court in an action for divorce brought by the wife has no power to divide the homestead or place a lien thereon for the benefit of the husband, the sole power to do so being derived from sec. 2364, Stats. 1898, which authorizes the court to divide and distribute so much of the estate of the wife as shall have been derived from the husband.

3. In such case it cannot be said the homestead has been derived mediately or immediately from the husband.

4. In an action for divorce a judgment requiring each party to pay his own costs will not be reversed in the absence of an abuse of the discretion reposed in the trial court.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed in part; reversed in part.*

This is an action of divorce brought upon the ground of failure to support and also upon the ground of cruel and inhuman treatment. The parties were married July 9, 1869, and have resided in Milwaukee ever since. Three children, now living, were born of the marriage, two being now adults, and one eleven years of age. The divorce was granted by the trial court upon the ground of failure to support for more than one year prior to the commencement of the action, but the charge of cruel and inhuman treatment was negatived in the finding. No appeal was taken from that part of the judgment decreeing the divorce, but from that part decreeing the division of certain property, and from that part relating to the costs of the action, the plaintiff appeals.

Upon these subjects the evidence showed the following state of facts without material contradiction: At the time of the marriage, the defendant was engaged in the crockery importing business in the city of Milwaukee, and a member of the firm of Hale, Frackelton & Co. He claims to have brought from England about $75,000, which he invested in the business, and at the time of the marriage he supposed himself prosperous, and represented that his income amounted to about $13,000 per year. It appears, however, that the business became less profitable soon after the marriage, and the income therefrom became greatly reduced, so that within two or three years after the marriage the plaintiff found it necessary to assist her husband in the business, and for that purpose learned the art of decorating and firing china, in which she became an expert, and gradually assumed almost the entire management of the business, besides earning considerable sums by decorating china and teaching the art to others. In 1881 the defendant made an assignment of his business to his father. Upon the sale by the assignee of the stock of crockery on hand, the plaintiff purchased the same, and paid therefor out of her individual moneys, and thereafter, and up to the time of the commencement of this action, managed and operated the business as her own, and paid the expenses of the family, and the taxes upon the homestead, and the interest upon the mortgages upon the said homestead. As to the homestead, the court found it to be worth $15,000, the title to the same being in the wife, and the circumstances under which she gained title being as follows: At the time of the marriage, the lot on which the homestead is situated was owned by the defendant's father. Some time after the marriage, and prior to the defendant's voluntary assignment, the defendant erected a house thereon costing about $7,000, which he paid for out of moneys received by him from England. There was at this time a mortgage on the homestead of $4,000, given to pay business debts of the defendant, and a

Frackelton vs. Frackelton.

subsequent mortgage of $2,000 was placed upon the property in March, 1886. Just prior to the defendant's assignment, in 1881, the defendant's father deeded the homestead to the plaintiff for a nominal consideration, and the title still remains in that condition. A further mortgage of $4,000 upon the property was executed by the plaintiff about eight or nine years since, to pay family and business expenses, and all these mortgages are still upon the property, the plaintiff having paid the interest accruing and the taxes upon the property for about seventeen years. The stock in trade of the plaintiff's business was found to be worth about $1,500.

The custody of the minor child of the parties was awarded to the plaintiff, and the court adjudged that the plaintiff pay to the defendant the sum of $2,500, and that the same constitute a lien upon the homestead; also that the plaintiff deliver to the defendant about half of the paintings contained in the homestead, naming them, together with a large number of articles out of the homestead, which are the personal belongings of the defendant. It was further adjudged that each pay his own costs, and that the judgment constitute a final division of the estate between the parties.

*Jared Thompson, Jr.*, attorney, and *Byron D. Paine*, of counsel, for the appellant.

For the respondent there were briefs by *Dalberg & Becher*, and oral argument by *S. W. Dalberg*.

The following opinion was filed July 3, 1899:

Winslow, J. The principal question arising upon the appeal is upon that part of the judgment awarding $2,500 to the defendant and making it a lien upon the homestead. Conceding, for the moment, the power of the court to place a lien upon the homestead for the benefit of the husband, we cannot regard this part of the judgment as justifiable, viewed merely from a business point of view.

The plaintiff is no longer young; she is not in strong health; she has a small business, depending entirely upon her own efforts; and she is burdened with the support of a daughter eleven years of age. The homestead is necessarily unproductive; is burdened with mortgages to the extent of $10,000 upon a total valuation of $15,000; is subject to a large annual tax charge, as well as the annual interest charge. It is entirely certain that the plaintiff would be unable to negotiate any further mortgages to pay off the $2,500 lien. Under these circumstances, it requires no very extensive business experience to appreciate that the imposition of this additional lien upon the property can mean but one thing, namely, the enforced sale of the property to pay the various liens, and the almost certain disappearance of any surplus. Liens amounting to more than $12,000 upon a $15,000 unproductive homestead will almost inevitably exhaust the entire property.

But we do not think the court had power to divide the homestead or place a lien upon it. The sole power to do so comes from the statute (Stats. 1898, sec. 2364), which authorizes the court to divide and distribute " so much of the estate of the wife as shall have been derived from the husband." We do not regard this homestead as having been derived, mediately or immediately, from the husband. The evidence shows that he never had title, legal or equitable. It is true that the title was in the husband's father, and that while in that condition the husband built a house upon it, but this fact alone gave him no title nor interest in it, and the evidence fails to show any binding agreement of any kind by which the father even agreed that the husband should have any interest. When the father conveyed the property to the wife, he conveyed his own property, and thus there is no way in which it can be said that the title came from the husband. Furthermore, the evidence conclusively shows that the wife has paid from her own earnings in taxes upon the

Frackelton vs. Frackelton.

property, and in interest upon the first mortgages, more than the cost of the house. Within the rule laid down in *Gallagher v. Gallagher*, 89 Wis. 461, we are forced to the conclusion that this homestead was not property derived from the husband.

So, the judgment providing for a lien upon the homestead in favor of the husband cannot be sustained, and the judgment requiring the wife to pay the husband $2,500 falls with the lien, because this cannot be sustained upon any theory, except upon the theory of a division of the wife's property derived from the husband.

We find no difficulty in sustaining those parts of the judgment awarding the defendant certain pictures and personal effects in the homestead. The evidence tends to show that he contributed toward the purchase of the pictures; at least, there is no such clear evidence to the contrary that we should be warranted in reversing the findings. Nor do we think that the court abused its discretion with regard to costs.

*By the Court.*— Those portions of the judgment directing the payment of $2,500 by the plaintiff to the defendant, and the establishment and enforcement of a lien therefor upon the homestead, are reversed, with costs, and the balance of the judgment is affirmed, without costs, and the action is remanded with directions to modify the judgment in accordance with this opinion.

A motion for a rehearing was denied September 26, 1899.