MARTIN, Respondent, vs. MARTIN, Appellant.

*September 6 — December 17, 1901.*

*Divorce: Appeal: Jurisdiction: Equity: Division of estate.*

1. Although sec. 3041, Stats. 1898, limiting to six months the time within which an appeal may be taken from so much of a judgment of divorce as dissolves the marriage bond, does not take away the right to appeal after said time from other portions of the judgment, the supreme court cannot, as a court of equity, on an appeal so taken from other portions of the judgment, assume jurisdiction of the whole case and review the portion granting the divorce.
2. The courts of this state possess no powers in divorce actions except such as are conferred on them by statute.
3. In a divorce action brought by the wife it is *held* that upon a final division she should have two fifths in value of the whole property of the defendant, including all property held by her which was derived from him, together with an allowance, charged upon the real estate retained by him, for the care, maintenance, and education of the children, the latter allowance subject to revision from time to time.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

For the appellant there were briefs by *Ryan, Hurley & Jones,* and oral argument by *M. A. Hurley.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

The following opinion was filed September 24, 1901:

CASSODAY, C. J.    This action for a divorce was commenced July 3, 1900, by the personal service of the summons and complaint upon the defendant at Allentown, Carter county, in the state of Tennessee. The causes of action alleged in the complaint are habitual drunkenness and cruel and inhuman treatment. The defendant appeared in the action by his counsel, Ryan, Hurley & Jones, and answered by way of ad-

missions, denials, and counter allegations, duly verified by
the defendant personally August 11, 1900.

At the close of the trial of the issues thus formed, the
court found as matters of fact, in effect, that the parties
were married March 9, 1887; that they had two children,—
Portia Pearl, twelve years old, and Kenneth B., ten years
old; that during such marriage the plaintiff had been a true,
dutiful, and good wife to the defendant, and performed all
her duties as such; that the defendant had been an habitual
drunkard for two years then last past and immediately pre-
ceding the commencement of the action, and during that
time had the delirium tremens by reason of the excessive
use of intoxicating drinks; that during the two years im-
mediately preceding the commencement of the action he
had been cruel and inhuman to the plaintiff by the conduct
therein stated in detail; that by reason thereof the plaintiff
became sick, and was compelled to leave the defendant a
number of times, and seek refuge with her parents to regain
her health and strength, and in consequence thereof the
plaintiff had lost all love, affection, respect, regard, and es-
teem for the defendant; that, if the plaintiff should be com-
pelled to so live with the defendant, she might suffer mental
and physical collapse or become insane; that in consequence
of his habits he had been taken to various institutions to be
cured, and among others to one in Tennessee, where he then
was under the direct care of his sister, Carrie Martin; that
the defendant was not a proper person to have the charge,
care, custody, or control of said two children, and that the
plaintiff was a fit and proper person to have the care and
custody of said children and the supervision of their educa-
tion; that the defendant was the owner of the several pieces·
of land therein specifically described, and that the same
were, in the aggregate, worth $3,500; that the plaintiff had
no property or income, excepting fifty-seven acres of land
near Devils Lake, upon which was situated a stone-crushing

plant, owned by some Chicago concern, and that said con-
cern had a lease thereof for the purpose of taking stone and
having the same crushed for paving purposes; that said lease
was and is for the term of ninety-nine years, at the rental
of $1,500 a year; that there is no certainty as to how long
payment of such rental may continue; that, if the payment
of such rental should cease, the property would be of little
value, and the plaintiff would have no income; and that, in
addition, the plaintiff was in possession and the owner of
some household goods.

As conclusions of law the court found, in effect, that the
plaintiff was entitled to a divorce from the bonds of matri-
mony, as prayed for in her complaint; that she was entitled
to an allowance and alimony out of the defendant's estate
of $1,000, to be paid upon the entry of judgment herein;
and that such payment be charged as a lien upon the real
estate owned by the defendant, and therein specifically de-
scribed, and so found to be of the value of $3,500; and that
upon the neglect or refusal to pay such allowance as suit
money the plaintiff might apply to the court to enforce the
same by execution; and that, in addition, the plaintiff be
entitled to recover from the defendant $50 as suit money,
besides her taxable costs and disbursements in this action;
that the plaintiff be allowed the care and custody of the
two children named, subject to change of such custody
upon proper proof shown; that the plaintiff, in case the
said income of $1,500 annually, as rental, should fail her,
might have the right to apply to the court at any time after
the entry of judgment for an allowance to be paid for the
care and education of said children, as the court might find
proper upon evidence shown; and ordered judgment thereon
accordingly.

Thereupon, and on November 12, 1900, such judgment
was so entered. From that judgment the defendant ap-
pealed to this court May 18, 1901.

1. Counsel for the defendant contends that the evidence is insufficient to sustain either the findings in respect to the defendant being an habitual drunkard or the findings in respect to his cruel and inhuman treatment of the plaintiff. In our judgment, neither of those questions is before us for review on this appeal. The statute declares that:

"The time within which an appeal may be taken from *so much of a judgment* of divorce as dissolves the marriage bond, or *so much of a judgment* as annuls a marriage, is limited to six months from the date of the entry of such judgment, except in cases where the defendant does not appear, and was not served with the summons, and did not actually receive a copy of the summons or complaint by mail or otherwise, before judgment." Sec. 3041, Stats. 1898.

Here, as stated, the defendant was served with the summons, and actually received a copy of the summons and complaint, and appeared by attorneys, and put in an answer, which he personally verified August 11, 1900, and the appeal was not taken until more than six months after the entry of the judgment. The contention is that, as the statute quoted did not take away the right to appeal from those portions of the judgment in respect to the custody of the children and the allowance of alimony, this court, as a court of equity, might assume jurisdiction of the whole case, and review the portion of the judgment granting the divorce. To so hold would be to disregard the statute. The rule of law suggested by counsel is generally applied where a remedy at law is sought to be enforced in equity, as in *Peck v. School Dist.* 21 Wis. 516; *Pierstoff v. Jorges*, 86 Wis. 137; *State ex rel. Fowler v. Circuit Court*, 98 Wis. 150, 152; *Hoff v. Olson*, 101 Wis. 118; *Ellis v. S. W. L. Co.* 102 Wis. 409. In such cases there is no want of jurisdiction, but simply a misapprehension of a rule of practice. We are not aware that the rule suggested has ever been successfully invoked to give jurisdiction over a subject matter of which the court is precluded from taking jurisdiction. Especially

is this so as to an appellate court.  In support of the rule suggested counsel for the defendant claims that divorce cases are cases in equity, and that the defendant has the usual "right of appeal in chancery cases."  As stated by Chief Justice DIXON, and repeatedly sanctioned by this court:

"It is an undoubted general principle of the law of divorce in this country that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings, or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised." *Barker v. Dayton,* 28 Wis. 379; *Hopkins v. Hopkins,* 39 Wis. 171; *Bacon v. Bacon,* 43 Wis. 202; *Cook v. Cook,* 56 Wis. 203; *Clarke v. Burke,* 65 Wis. 361; *Blake v. Blake,* 75 Wis. 343; *Kempster v. Evans,* 81 Wis. 250; *Bassett v. Bassett,* 99 Wis. 344.

We must hold that, by reason of the statute quoted, we are without jurisdiction to review "so much of the judgment of divorce as dissolved the marriage bond;" in other words, the appeal was inoperative as to that part of the judgment.  This makes it unnecessary to decide the motion to dismiss that part of the appeal.  It follows that the judgment of divorce is valid and binding upon the parties.

2. But the appeal did bring before us for review that part of the judgment which relates to the care, custody; and control of the two children.  After careful consideration of all the evidence in the case, we are unwilling to disturb the judgment in that respect.

3. So the appeal brought before us for review so much of the judgment as relates to the division of the property and the allowances to the plaintiff.  It appears from the record that the fifty-seven acres of land near Devils Lake, with a stone-crushing plant upon it, mentioned in the findings, was the property of the defendant some eight or nine years prior

to the trial; that some time prior to March 24, 1894, he conveyed and caused to be conveyed to the plaintiff the whole of the fifty-seven acres of land, without any consideration from the plaintiff, and wholly as a gift or gratuity from the defendant; and that the lease to the Chicago concern for the term of ninety-nine years, mentioned in the findings, was executed by the plaintiff, as lessor, March 24, 1894. The fact that the plaintiff derived such title to the fifty-seven acres from the defendant seems not to have been considered by the court in dividing the property. There is no reference to it in the judgment, except that, in case of the failure of the plaintiff to collect the $1,500 a year rental from the lessee, then she might apply to the court for a suitable allowance to be paid by the defendant for the support, maintenance, and education of the children until they arrived at the age of twenty-one years. The three several amounts which the defendant was adjudged to pay to the plaintiff, aggregating $1,187.08, were about one third of what the court found to be the aggregate value of the several pieces of land owned by the defendant at the time of the divorce. Thus it is apparent that in making such division of the property the court did not take into consideration the fact that the plaintiff derived title to the fifty-seven acres from the defendant, her husband. The judgment fails to state whether the $1,000 therein mentioned was allowed as alimony or upon final division and distribution of the estate, but mentions it merely "as damages." There can be no question but that it is better for both parties that there should be a final division and distribution of the estate. The statute declares:
" The court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife *as shall have been derived from the husband*, between the parties, and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character

and situation of the parties, and all the circumstances of the case." Sec. 2364, Stats. 1898.

The statute also provides that " when a final division of the property shall have been made under the provisions of " the section last cited, " no other provision shall be thereafter made for the wife." Sec. 2369. These provisions of the statutes are imperative and too plain for construction. They have repeatedly been considered by this court. *Kempster v. Evans*, 81 Wis. 250. Thus it has been expressly held by this court that:

" The estate of the wife derived from the husband, which, under sec. 2364, R. S., may, upon judgment of divorce, be divided between the parties, includes not merely property transferred directly from the husband to the wife, but all property held in the wife's name which was substantially derived, mediately or immediately, from the husband." *Gallagher v. Gallagher*, 89 Wis. 461; *Gallager v. Gallager*, 101 Wis. 202, 206, 207.

See, also, *Frackelton v. Frackelton*, 103 Wis. 673, 677, 678. Considering the fifty-seven acres to which the plaintiff holds title, and the $1,500 annual rental income therefrom, as property derived from the defendant, within the meaning of the statute, as we must, we are forced to the conclusion that the amount of property adjudged to the plaintiff is very much too large. In our judgment, she should only have adjudged to be her property, absolutely, on such final division and distribution of the estate, the undivided one-half of the fifty-seven acres, and the undivided one-half of the lease, and the undivided one-half of the annual rental income therefrom at $1,500 a year; and the other undivided one-half of such property should be adjudged to be the property of the defendant, subject, however, to the payment therefrom to the plaintiff of $150 per year for the care, maintenance, and education of each of said two children during their minority, respectively, and while she has such care, maintenance, and education; and the same should be adjudged to be a first lien and charge upon the half of the

fifty-seven acres and the lease and income thereof, so to be adjudged to the defendant. Of course, under the statute, the allowance of $300 annually for the care, maintenance, and education of the children will be subject to revision from time to time. Such statute declares that "no such final division shall impair the power of the court in respect to revision of allowances for minor children under the next preceding section." Sec. 2364, Stats. 1898. And the preceding section declares that "the court may, from time to time afterwards, on the petition of either of the parties, revise and alter such judgment concerning the care, custody, maintenance and education of the children, or any of them, and make a new judgment concerning the same, as the circumstances of the parents and the benefit of the children shall require." Sec. 2363.

*By the Court.*— The judgment of the circuit court is affirmed in all respects, except so much thereof as divides the property and makes allowances to the plaintiff, and that part of the judgment is reversed, and the cause is remanded with direction to modify and enter judgment in accordance with this opinion and for further proceedings according to law. No costs nor disbursements will be allowed to either party in this court, except that the defendant must pay the clerk's fees. The application for suit money is denied.

The respondent moved for a rehearing, and the following opinion was filed December 17, 1901:

CASSODAY, C. J. In this motion for a rehearing we are asked to modify the mandate contained in the opinion filed. It will be observed that the judgment of the trial court was "affirmed in all respects, except so much thereof as divides the property and makes allowances to the plaintiff." That part of the judgment was reversed, because the trial court seemingly overlooked the statute, which required the court

in such division and distribution to include "so much of the estate of the wife as" had been derived from the husband. As to the fifty-seven acres, mentioned in the opinion, it was claimed on the argument, and apparently acquiesced in by counsel for the plaintiff, that she derived her title to the same from the defendant, without any consideration to him. It is now claimed that, the defendant conveyed the undivided one-half of that property in payment of an indebtedness to his father-in-law, and that the plaintiff derived title to the same from her parents, and that the value of the whole fifty-seven acres had been greatly enhanced by the improvements put thereon, or caused to be put thereon, by the plaintiff after she acquired title to the same. The evidence on the subject is more or less confused and ambiguous. The value of the fifty-seven acres before and after the improvements seems to have been regarded by the trial court as immaterial, and so evidence in respect to the same was excluded. The only evidence before us of its value is the annual rental secured by the ninety-nine years' lease. The principles of law governing the division and distribution of the estate of the defendant, and so much of the estate of the plaintiff as had been derived from the defendant, are sufficiently stated in the opinion filed herein and the following adjudications: *McChesney v. McChesney*, 91 Wis. 268; *Roelke v. Roelke*, 103 Wis. 204; *Hoernig v. Hoernig*, 109 Wis. 229. Under these adjudications, we think the plaintiff should be entitled to two fifths in value of the whole property of the defendant, including whatever the plaintiff has derived title to from the defendant. The plaintiff should also be allowed the $150 per year for the care, maintenance, and education of each of the two children, as mentioned in the opinion on file; and the $300 so allowed is to be a lien and charge upon the three-fifths of the real estate which the defendant is to retain and have subject to the payment of such allowance. In order that complete justice may be done between the parties, the mandate of

this court is hereby modified so as to read as follows: The judgment of the circuit court is affirmed in all respects, except so much thereof as divides the property and makes allowances to the plaintiff, and that part of the judgment is reversed, and the cause is remanded with direction to take testimony as to the value of the property so to be divided, and to ascertain and find such value, and divide the same between the parties, as indicated, and then to perfect and enter judgment accordingly, and for further proceedings according to law. No costs nor disbursements will be allowed to either party in this court, except that the defendant must pay the clerk's fees. The application for suit money is denied.

*By the Court.*— So ordered.