MARTIN, Appellant, vs. MARTIN, Respondent.

*March 7—April 3, 1918.*

*Divorce: Division of property: Estate of wife "derived from the husband:" Agreement between husband and wife: Validity: Public policy: Awarding property to wife charged with payment to husband.*

1. The subject of divorce and distribution of property in divorce proceedings is regulated by statute in this state, and the distribution in any particular case must be one authorized by the statute.
2. The theory of our divorce statutes is to provide for an equitable division of the property of the parties, including such property of the wife as shall have been derived, either mediately or immediately, from the husband.
3. Money and labor put by the husband into the wife's property, greatly enhancing the value of her estate, constitute estate "derived from the husband," within the meaning of sec. 2364, Stats. *Martin v. Remington,* 100 Wis. 540; *Frackelton v. Frackelton,* 103 Wis. 673, and other cases, distinguished.
4. An agreement between husband and wife that property originally purchased with the wife's money, but into which the husband had put money and labor greatly enhancing its value, should be sold and that out of the proceeds a definite sum should be paid to the husband as a full and final division of the estate and property of the parties, is *held* in this case to be void as against public policy.
5. Independent of said void agreement, the division of property therein provided for is, upon the evidence in a divorce action between the parties thereto, *held* to be a just and equitable division.
6. A divorce judgment awarding all the property of the parties to the wife, subject to the payment of a certain sum to the husband as his share therein, but not adjudging any personal liability against the wife for such payment, is valid and proper. *Gallagher v. Gallagher,* 89 Wis. 461, distinguished.

APPEAL from a judgment of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Affirmed*.

.This action was brought June 26, 1916, by the appellant wife against the respondent husband for divorce on the ground of cruel and inhuman treatment. The case was tried by the court and the following findings made: That both parties have resided for two years and more immediately preceding the commencement of this action in Taylor county, Wisconsin; that they intermarried April 13, 1898, and that there is no issue of the marriage; that the defendant's conduct toward the· plaintiff during their married life, and perhaps more particularly the latter part of it, has been cruel and inhuman, consisting principally of harsh and inconsiderate treatment and on some occasions of actual assault, the plaintiff being of an exceedingly nervous temperament, and it is my judgment that the source of their troubles lay in difficulties relating to ·property and money matters, title to the real estate being in plaintiff, and defendant insisting that he have a share of it, either in money or otherwise, and plaintiff not being willing to grant defendant's demand in that respect; that in the spring of 1898 plaintiff and defendant bought about ten forties of land in Taylor county for $600 with money belonging to plaintiff, title to which land was taken in the plaintiff, said land being purchased from the estate of D. B. Wiley, deceased stepfather of defendant; that at the time of their marriage plaintiff was the owner of other real estate which she later sold for $900, which money was put into the property‑ purchased as aforesaid; that except for said $600 and $900 which was contributed by plaintiff, all property now owned by the plaintiff and defendant, consisting of real estate of the value of about $12,000 and machinery, live stock, and other personal property which at about the time of making the agreement between the parties, hereinafter set out,·was of the value of about $2,000, is the joint accumulation of both parties; that both parties were

hard-working people, economical and frugal, and their joint efforts combined resulted in the accumulation of said property; that the defendant since their marriage worked either on the farm, improving it and managing it, or off the farm for wages, earning about $900, substantially all of which was put into the property, and the said real estate was greatly improved and its value largely enhanced by his earnings and labor; that for many years he paid the taxes on the property, both real and personal; that there is an indebtedness against the property of about $1,200 and some $400 owing to young men who worked upon the farm; that on the 12th day of February, 1916, the parties executed the following agreement:

"This indenture, made the 12th day of February, A. D. 1916, by and between *Rosa Martin* of the first part and *Joseph E. Martin,* her husband, of the second part, witnesseth:

"That in consideration of the mutual agreements and promises herein contained and other good and valuable consideration, it is agreed that said party of the first part shall, as soon as may be without unreasonable sacrifice, sell the property upon which the parties have heretofore resided, being the real property described as the southwest quarter ($\frac{1}{4}$) of section four (4) and the southeast quarter ($\frac{1}{4}$) of section five (5), all in town thirty-one (31) north, range 1 east, in Taylor county, Wisconsin, and also the personal property and equipment on said farm; should said property, real and personal, be sold for fourteen thousand ($14,000) dollars, then said party of the first part shall pay to the party of the second part the sum of two thousand seven hundred sixty-six dollars sixty-six cents ($2,766.66) out of the proceeds of said sale, the same to draw no interest until such sale is made; should said property be sold for less than fourteen thousand ($14,000) dollars, each of the parties hereto shall share equally the deficiency; should said property be sold for more than fourteen thousand ($14,000) dollars, each of said parties shall equally share the gain.

"It is further agreed in consideration of the premises that

the aforesaid payments are in full and final division of the estate and property of the said parties, and that neither party shall have any demand or claim against the other out of the same, or for maintenance, or support, or interest in the property of the other. Until such sale is made and adjustment completed, the payment to be made to said *Joseph Martin* shall be a charge against said land, and when such payment is made the said charge shall be satisfied of record, and for that purpose said *Joseph Martin* does hereby grant power of attorney to Herman Leicht of the city of Medford, Wisconsin, to execute such discharge as fully to all intents and purposes as he could do if personally present."

That said agreement was freely and voluntarily and understandingly made by the plaintiff and was not made in aid of separation of the parties or in contemplation of divorce; that the defendant may have intended to leave the plaintiff after such agreement was made, but a separation between them does not seem to have been in the contemplation of plaintiff; that the agreement was made for the purpose of settling property rights between plaintiff and defendant; that the provisions of said agreement with relation to the property rights of the parties is, independent of the agreement, a just and equitable division of the property of the parties.

The court concluded that the plaintiff is entitled to a judgment of absolute divorce from defendant, subject to the provisions of the statutes of this state relating to divorce; that the agreement executed between the parties February 12, 1916, is valid; that as a complete division of the property of the parties the plaintiff pay to the defendant the sum of $2,766.66 as provided in said agreement, or, as proposed by counsel for defendant after the trial, in case plaintiff does not desire to sell the property now that she pay said amount in cash or execute and deliver to defendant a note and mortgage signed by her upon her real estate for said amount within sixty days from the time of service of a copy of the

judgment upon her, said note to be due and payable at any time she desires within two years, bearing interest after six months at six per cent., and that the title to all the property of the parties, real and personal, vest in plaintiff as her share of said property, subject to the lien thereupon created by this division of property and the option herein provided, plaintiff to assume payment of the indebtedness upon the farm and to the young men for labor; that in case it should be determined upon appeal from this court that the said agreement as to the division of property is not valid, that instead of said agreement constituting a division of property I conclude that as a complete division of the property the plaintiff shall pay defendant $2,766.66 as his share of the property, and that all right, title, and interest to the property of the parties, real and personal, be awarded to plaintiff, subject to such payment.

Judgment was rendered in favor of the plaintiff, who appeals from that part of the judgment which concerns the division of property between the parties and orders that she pay defendant $2,766.66.

For the appellant there was a brief by *Hill & Spohn* of Madison, and oral argument by *W. H. Spohn.*

For the respondent there was a brief by *P. T. Stone,* attorney, and *C. B. Bird,* of counsel, both of Wausau, and oral argument by *Mr. Bird.*

KERWIN, J.   It is argued by counsel for appellant that there is no authority under the law of this state in a divorce action to charge the separate estate of the wife, not derived mediately or immediately from the husband, with a lien in favor of the husband, or vest the husband with the title to any portion thereof.   This contention as stated may be conceded.

The inquiry here is whether the property was derived mediately or immediately from the husband.   The question

turns upon the construction of the statutes upon the subject. Sec. 2364, Stats., provides ". . . or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, . . ."

Sec. 2372, Stats., provides: "No judgment . . . shall in any way affect the right of a wife to the possession and control of her separate property, . . . except as provided in this chapter; and nothing contained in this chapter shall authorize the court to divest any party of his title in any real estate further than is expressly provided herein."

It is conceded that there was evidence sufficient to justify the judgment of divorce, and that the only question here is as to the division of property. The subject of divorce and distribution of property in divorce proceedings is regulated by statute in this state, and the right of distribution in this case must be found in the statutes. *Bacon v. Bacon,* 43 Wis. 197; *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109; *Martin v. Martin,* 112 Wis. 314, 87 N. W. 232, 88 N. W. 215.

It is argued by counsel for appellant that the land to which the plaintiff had title at the time of divorce was not derived either mediately or immediately from the defendant. It is true that proceeds of property owned by plaintiff and aggregating a considerable amount, as shown by the findings and the evidence, went into the original purchase of this land. But it is also true that the estate of plaintiff was, through the money and labor of the defendant, largely enhanced in value, and the question arises whether under the statutes such property so obtained by the wife can be said to be "derived from the husband."

It is contended that the money and labor advanced, furnished, and contributed by defendant cannot be considered property derived from the husband, and *Martin v. Remington,* 100 Wis. 540, 76 N. W. 614; *Frackelton v. Frackelton,* 103 Wis. 673, 79 N. W. 750, and other cases are cited in

support of this proposition on the ground that when the husband performs labor on his wife's property, or places his own money in improving the same, it does not change the character of the property so that it is any less the wife's property.

This may be conceded, but it does not reach the situation here. The property may be the property of the wife and yet be derived from the husband so as to bring it within the operation of the statute. The estate which may be derived from the husband clearly includes property the title to which is in the wife. *Martin v. Remington, supra,* does not fall within the provisions of the statute at all. It was not a case of division of property between husband and wife in a divorce proceeding. Nor was it a case where the wife derived property from her husband. On the contrary, it appears that the money put into the property was the separate estate of the wife and the title taken in the name of the husband. The court held that a trust resulted in favor of the wife, hence the property, being the separate estate of the wife, could not be reached by the husband's creditors. A careful examination of the case will show it has no bearing upon the case at bar.

*Frackelton v. Frackelton, supra,* is strongly relied upon by appellant. The case is clearly not in point, as a quotation from the opinion will show. The court said:

"We do not regard this homestead as having been derived, mediately or immediately, from the husband. The evidence shows that he never had title, legal or equitable. It is true that the title was in the husband's father, and that while in that condition the husband built a house upon it, but this fact alone gave him no title nor interest in it, and the evidence fails to show any binding agreement of any kind by which the father even agreed that the husband should have any interest. When the father conveyed the property to the wife he conveyed his own property, and thus there is no way in which it can be said that the title came from the husband. Furthermore, the evidence conclusively shows that the wife has paid from her own earnings in taxes upon the property,

and in interest upon the first mortgages, more than the cost of the house. Within the rule laid down in *Gallagher v. Gallagher,* 89 Wis. 461, 61 N. W. 1104, we are forced to the conclusion that this homestead was not property derived from the husband."

In *Houghton v. Milburn,* 54 Wis. 554, 11 N. W. 517, 12 N. W. 23, it was held that where a sum of money was paid to a husband and wife, in consideration of which they covenanted to support and maintain one X. during the remainder of her natural life, the wife's interest in the sum so paid is her separate estate and she is liable upon the covenant as well as her husband.

In *Krouskop v. Shontz,* 51 Wis. 204, 8 N. W. 241, the husband and wife, engaged in business of carrying on a farm belonging to the wife, purchased goods for the use of themselves and family on credit of the separate estate of the wife, and it was held that the wife and husband became liable for such goods in an action at law, and that the rights, powers, and remedies given to married women by statute included legal power to do such acts, make contracts, etc.

In *Dayton v. Walsh,* 47 Wis. 113, 2 N. W. 65, where a married woman bought a farm from a stranger on credit, giving her notes for the purchase price secured by mortgage on the property, and her husband lived with her on the farm, carried on the business in her name and as her agent without any agreement for compensation for his services, the transaction being in good faith, it was held that the crops raised upon the farm belonged to the wife and were not subject to sale for the husband's debts.

In *Feller v. Alden,* 23 Wis. 301, the wife owned land as her separate estate, and cultivated the same by means of the labor of her husband and minor children, and it was held that the legal title to the products was in the wife and could not be taken under execution against the husband. It is said, however, in that case that whether a court, in a proper proceeding in equity, would not apportion the proceeds with

reference to the proportionate value of the wife's capital and the labor and services of the husband and minor children and subject a due proportion thereof to the payment of the husband's debts, is a question not raised in the action.  None of these cases support the appellant's contention.

*Scheiner v. Arnold,* 142 Wis. 564, 126 N. W. 17, is relied upon.  That was an action for partition, brought after the wife's death, hence the divorce statute now under consideration had no application.  There it was properly held that money expended by the husband upon the wife's property in making permanent improvements which enhanced the value of the land, and payment of an incumbrance, gave the husband no claim in a partition suit after the wife's death. The contributions made by the husband to the wife's separate estate became her separate estate, but nevertheless was "derived from her husband."

The theory of our divorce statutes is to provide for an equitable division of the property of the parties, not only the property of the husband, but such property of the wife as she shall have derived either "mediately or immediately" from the husband.  *Frackelton v. Frackelton,* 103 Wis. 673, 79 N. W. 750; *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075.

The fact that the advances made by the husband in money and labor, and which largely added to the value of the wife's separate estate, became her separate property does not save it from the operation of the statute.  The aim of the statute is to secure an equitable division of property, and in accomplishing this purpose the estate of the wife derived from the husband is subject to division as well as the property of the husband.  *Gauger v. Gauger, supra.*  The statute is broad and covers property of every kind and description.  It is not confined to specific property, the title to which has been transferred to the wife, but covers all estate "derived" from the husband.  Money and labor put into the wife's property

which greatly enhanced the value of her estate manifestly constitutes, within the designation of the statutes, "estate derived from the husband."

It is insisted by appellant that the agreement of February 12, 1916, referred to in the statement of the case, was obtained through duress and was against public policy and void. The court below held that this agreement was valid, but that, independent of the agreement, the provisions of it relating to the property rights of the parties were a just and equitable division of the property of the parties.

Considerable evidence was taken in the case relating to the separate estate of the plaintiff and the property derived by her from her husband, and the court found and concluded that in case it should be determined upon appeal that the agreement as to division of property is not valid, instead of said agreement constituting a division of the property, as a complete division of property of the parties the plaintiff should pay to the defendant the sum of $2,766.66 as his share of the property, and that all right, title, and interest of the property be awarded the plaintiff, subject to such payment.

Agreements similar to the one set out in the statement of the case are not favored, and the court is of opinion that said agreement is void. The court, therefore, rests its decision upon the finding, supported by the evidence, that the distribution of property made in this case, based upon the evidence given, independent of the alleged agreement, was a reasonable and just division of property between the parties and should be sustained.

The following part of the judgment is also complained of:

"It is further ordered and adjudged that in case it should be determined upon appeal from this court that the said agreement, as to the division of the property of the parties to this action, is not valid, that instead of said agreement constituting a division of the property, then as a complete division of the property of the parties to this action the plaintiff

shall pay to the defendant the sum of $2,766.66 as his share of the property of the parties to this action; that all right, title, and interest to the property of the parties, real and personal, be awarded to the plaintiff, subject to such payment."

The contention under this head is that the court had no authority to direct the wife to pay a sum of money to the defendant and make payment thereof her personal liability, and *Gallagher v. Gallagher,* 89 Wis. 461, 61 N. W. 1104, is relied upon. But in the *Gallagher Case* the court directed the issuance of execution against the wife in case of failure to pay the amount ordered paid, and this court held it had no power to do so. In the instant case all the property is conveyed to the wife, subject to the payment of the amount found on division of property to belong to the defendant, and no personal liability is adjudged against the plaintiff. We therefore see no objection to the form of the judgment.

We are of opinion upon the evidence and record before us that the division of property was fair, equitable, and just, therefore that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.