Towns, Respondent, vs. Towns, Appellant.

*January 17—February 10, 1920.*

*Divorce: Powers of courts: Final division of estate: Review or alteration of judgment after expiration of term of court: Husband and wife: Property awarded wife in final division of estate: Control by court.*

1. Except for the power given to the court to open a judgment within one year after notice thereof for mistake or surprise, as provided in sec. 2832, Stats., a judgment in a divorce action, so far as it makes a final division and distribution of property, cannot be reviewed or altered after the term of court in which it was rendered.

2. Money awarded to the wife as a final division of estate, although payable in instalments, is her separate property.

3. The power given by sec. 2361 to the court in divorce actions to make, during the pendency thereof, orders concerning the support of the wife and the care and support of the minor children, and in relation to the parties or their property, does not warrant a court, after the term in which a final judgment was entered decreeing a final division of estate, in altering the decree as to the property awarded to the wife and relieving the husband from making payment of certain weekly instalments on the ground that the wife has become dissolute and is living in adultery with another man.

4. The express authority granted to the court by sec. 2374 to affect the status of the parties to a divorce action by subsequent revision or modification of the judgment, is a controlling indication that the legislature did not intend that the provisions of the judgment relating to a final division of property might also be altered without a modification of the status of the parties.

5. Divorce actions and proceedings therein are entirely statutory, and whatever the statute does not give the court cannot assume, however broad its equity powers in other matters may be.

APPEAL from an order and modification of a judgment of the circuit court for Milwaukee county: W. B. QUINLAN, Judge. *Reversed.*

On March 4, 1919, in the January term of the circuit court, a judgment was entered in the usual form, on plaint-

iff's motion, that the bonds of matrimony between the parties be wholly dissolved, and providing that the judgment, so far as it determines the status of the parties, shall not be effective, except for the purpose of appeal and review of the same, until the expiration of one year from the date of the entry thereof.

It further provided that the plaintiff pay to the clerk of the said circuit court, for and on behalf of the defendant and as trustee for her and as a "full, complete, and final division of the estate of the parties, the sum of $2,400," $1,000 thereof forthwith and the balance in monthly instalments of $50 to the clerk and by him to be paid in weekly instalments to the defendant, and secured such payments by lien on certain real estate.

After the entry of the judgment a term of court in that circuit commenced on the first Monday in April and another on the first Monday in July.   Sec. 113.06, Stats.

In July, 1919, the plaintiff made application to have a revision of said judgment in so far as said judgment determines the final division of the estate of the parties.   Such application was based upon a showing that in June, 1919, the defendant was convicted of vagrancy in the district court for Milwaukee county and sentenced to sixty days in the house of correction, and that at times subsequent to the entry of judgment the defendant had frequently been intoxicated and was living with another than the plaintiff as man and wife.

Such facts were uncontradicted, and upon the hearing of such application, the defendant appearing by counsel, an order was made to the effect that, whereas $1,000 had been paid under the judgment aforesaid, such sum should be a full, complete, and final division of the estate of the parties, and that the lien given in the judgment should be vacated. Thereupon, on July 29th, a further order, in form as a judgment, was entered by the clerk of the court providing that the judgment of March 4th requiring the payment of

$2,400 as a full, complete, and final division of the estate of the parties be modified and revised so that the said $1,000 so paid is a full, complete, and final division of the estate of the parties and that the lien theretofore granted be vacated.

From the order so directing and the judgment so modified defendant has appealed.

For the appellant there was a brief by *Curtis & Mock* of Milwaukee, and oral argument by *H. K. Curtis.*

For the respondent there was a brief by *M. H. Umbreit,* attorney, and *A. C. Umbreit,* of counsel, both of Milwaukee, and oral argument by *A. C. Umbreit.*

ESCHWEILER, J. Except for the power given to the court to open a judgment within one year after notice thereof for mistake or surprise as provided in sec. 2832, Stats., but within which this present application does not come, a judgment in a divorce action making a final division and distribution of the property as here cannot be reviewed or altered after the term of the court in which it was rendered. *Zentzis v. Zentzis,* 163 Wis. 342, 347, 158 N. W. 284; *Lally v. Lally,* 152 Wis. 56, 58, 138 N. W. 651; *Thompson v. Thompson,* 73 Wis. 84, 87, 40 N. W. 671; *Webster v. Webster,* 64 Wis. 438, 440, 25 N. W. 434; 14 Cyc. 793.

The property thus awarded to the defendant becomes her separate property. *Kistler v. Kistler,* 141 Wis. 491, 493, 124 N. W. 1028; *A. D. Baker Co. v. Booher,* 153 Wis. 319, 323, 141 N. W. 248.

The power given under sec. 2361, Stats., to the court in divorce actions to make, during the pendency thereof, orders concerning the support of the wife, the care and support of the minor children, and in relation to the parties or the property of the parties, as in its discretion shall be deemed necessary or proper, cannot be held to warrant the power here exercised by the court after entry of a final judgment.

In *White v. White,* 167 Wis. 615, 168 N. W. 704, relied upon by respondent in this case, the application was made, as here, subsequent to the judgment, but only with reference to so much of such judgment as determined the status of the parties.    Under the provisions of sec. 2374, Stats., the court is granted express power to vacate or modify such judgment, so far as it affects the status of the parties, at any time within one year from the entry of such judgment, and if the judgment shall be so vacated it shall restore the parties to the marital relation that existed before the entry of such judgment.    In that case, as an incident to the disposal of the question there at issue involving the status, it was held that the sum of money which had been voluntarily paid by plaintiff to defendant might still be controlled by the court.    The distinction between the two situations is manifest.,   The primary purpose of the divorce action is the adjustment of the status of the parties; the property interests are incidental thereto.'   *Damon v. Damon,* 28 Wis. 510, 514; *Clarke v. Burke,* 65 Wis. 359, 361, 27 N. W. 22.

If the primary purpose is necessarily altered or affected the incident may also be properly changed, but it by no means follows that the incident may be changed, as was done here, the primary being unaltered.

The express authority under sec. 2374, Stats., granted to the court to affect the status of the parties by subsequent revision or modification is a controlling indication that the legislature did not intend that the other provisions of the judgment might also be so altered.   *Bassett v. Bassett,* 99 Wis. 344, 347, 74 N. W. 780.

The loud call that the facts shown in the application herein undoubtedly make for such a relief as was granted by the court below cannot, however, be a sufficient basis for the action taken.    Divorce actions and proceedings therein are entirely statutory; what the statute does not give, the court, however broad its equity powers in other

matters may be, cannot assume. *Martin v. Martin,* 112
Wis. 314, 318, 87 N. W. 232, 88 N. W. 215; *Renner v.
Renner,* 127 Wis. 371, 374, 106 N. W. 846; *Graham v.
Graham,* 149 Wis. 602, 604, 136 N. W. 162; *Martin v.
Martin,* 167 Wis. 255, 260, 167 N. W. 304.

*By the Court.*—The order of the circuit court and the
modification of the judgment in July, 1919, is and are
vacated and set aside.