RUPPERT, Appellant, vs. RUPPERT, Respondent.

*September 14—October 16, 1945.*

N. *Paley Phillips,* attorney, and *H. S. Winnecour* of counsel, both of Milwaukee, for the appellant.

*J. A. C. Lightner,* attorney, and *Thomas E. Torphy* of counsel, both of Milwaukee, for the respondent.

BARLOW, J.   Plaintiff sues her husband for divorce and alleges as ground therefor cruel and inhuman treatment specified in the complaint.   A divorce was granted to plaintiff, and she appeals from that part of the judgment providing for division of property and allowing her neither alimony, attorneys' fees, nor costs and disbursements of the action.

No bill of exceptions was settled or returned to this court, so the sole inquiry on appeal is whether the findings support the judgment.   *St. Joseph's Hospital v. Withee* (1932), 209 Wis. 424, 245 N. W. 128; *Fidelity & Deposit Co. v. Madson* (1930), 202 Wis. 271, 232 N. W. 525; *Kubina v. Nichols* (1942), 241 Wis. 644, 6 N. W. (2d) 657; *Dovi v.*

*Dovi* (1944), 245 Wis. 50, 13 N. W. (2d) 585; *Bobczyk v. Integrity Mut. Ins. Co.* (1941) 239 Wis. 196, 300 N. W. 909.

Neither party questions the findings of fact, which show that the parties were married on the 21st day of January, 1907, in Hungary, then known as Austria-Hungary, and "since that day have been and now are husband and wife;" that the parties have seven daughters living as the result of said marriage, the five oldest being married and living away from home, one daughter married and one daughter unmarried living with plaintiff and paying room and board. The fifth and sixth findings of fact refer to the real estate involved in the division of property, and are as follows:

"Fifth. That prior to the 22d day of December, 1936, the plaintiff and defendant were the owners of certain realty described as follows:

Lot numbered three (3) in block numbered three (3) in North Milwaukee Subdivision No. 1, in the north west one-quarter (NW¼) of section numbered one (1) in township numbered seven (7) north, of range numbered twenty-one (21) east, in the city and county of Milwaukee, state of Wisconsin,

which real estate was foreclosed upon by the Mutual Building and Savings Association and that the sheriff's report of sale was affirmed by the circuit court of Milwaukee county, Wisconsin, on said 22d day of December, 1936, and that at said sheriff's sale said realty was sold by the sheriff of Milwaukee county to the said Mutual Building and Savings Association, a Wisconsin corporation, and that the parties had no further interest in said realty at said date, in accordance with the records in the office of the clerk of the circuit court of Milwaukee county, Wisconsin, case number 147551; that on the 28th day of December, 1936, said realty was sold under land contract agreement by the said Mutual Building and Savings Association to Theresa Armstrong, a daughter of the parties hereto, which land contract agreement was recorded in the office of the register of deeds in and for Milwaukee county, Wisconsin, on September 14, 1942, in volume 1849 of deeds on page 436, document number 2391207; that in accordance with said land contract, the said Theresa Armstrong paid one thousand dol-

lars ($1,000) down and agreed to pay the balance of nine thousand one hundred fifty dollars ($9,150), in regular monthly instalments; that said one thousand dollars ($1,000) was obtained by the said Theresa Armstrong by virtue of a loan made by her husband, which loan was guaranteed by the said Marcus Cesarec.

"Sixth. That subsequent thereto and on the 18th day of March, 1939, the said Theresa Armstrong assigned her interest in said land contract to the plaintiff Anna Ruppert, and which assignment was recorded in the office of the register of deeds in and for Milwaukee county, Wisconsin, on September 14, 1942, in volume 1849 of deeds on page 438, document number 2391208; that on or about the same time, the said Marcus Cesarec repaid to the husband of said Theresa Armstrong and to the lending agent, the one thousand dollars ($1,000) borrowed by Theresa Armstrong and her husband and the said plaintiff entered into an agreement to repay the said Marcus Cesarec the said sum of one thousand dollars ($1,000); that since said time the plaintiff has made payments on said indebtedness by crediting said Marcus Cesarec for room and board received, and that the balance on said indebtedness is now $604; that at all times the plaintiff collected the rents on said property, managed the same and has made regular monthly payments on said land contract, the amounts of said payments being the rents collected on said property and the balance being money the plaintiff acquired as room and board from Marcus Cesarec or from her children; the said plaintiff having to contribute approximately twenty dollars ($20) per month over and above the rentals received from the monthly payments on said realty and said payments having been made regularly from the time plaintiff acquired said property until the time of the trial of said action.

"That the balance due on said land contract as of the time of the trial of said action is $5,419. 79."

The Fifth conclusion of law provides for division of the real estate, and the judgment with reference thereto provides as follows:

"As and for a full and final division of the estate of the parties and in lieu of all permanent alimony, attorney fees and

court costs, the real estate in the name of the plaintiff and acquired by her and described as follows:

"Lot numbered three (3), in block numbered three (3), in North Milwaukee Subdivision No. 1, in the north west one-quarter (NW¼) of section numbered one (1) in township numbered seven (7) north, of range numbered twenty-one (21) east, in the city and county of Milwaukee, state of Wisconsin,

is awarded to the plaintiff and defendant equally, each to have a one-half share thereof, subject to the indebtedness on the land contract and subject to the indebtedness of the amount due Marcus Cesarec; that said real estate be sold within one year from date hereof; that from the proceeds, the indebtedness set forth above be paid, the cost of sale be paid and the balance divided equally between both parties; that from defendant's share there be deducted the amount of arrearage in his temporary alimony, which amount is to be paid to the plaintiff."

Respondent contends that where there is no bill of exceptions this court on appeal must assume there is evidence in the case that the defendant had an equitable interest in the real estate involved. The fallacy of respondent's position is that nowhere in the findings of fact does the court find that the defendant had any legal title or equitable interest in the property in question. The court found that prior to the 22d day of December, 1936, the plaintiff and defendant were the owners of the real estate in question; that at a sheriff's sale the real estate was sold to the Mutual Building and Savings Association, which sale was confirmed on the 22d day of December, 1936, *"and that the parties had no further interest in said realty at said date."* If the husband had any equitable interest in the property, and this is the only interest claimed by him, it must have been acquired after the foreclosure sale, and the findings of fact show that thereafter, on the 28th day of December, 1936, the Mutual Building and Savings Association, purchaser at the sale, sold this property to Theresa Armstrong, a daughter of the parties to this action, on a land

contract for the sum of $10,150, the purchaser paying $1,000 at the time of the execution of the contract and agreeing to pay the balance in monthly instalments. On March 18, 1939, Theresa Armstrong assigned her interest in the land contract to the plaintiff, who thereafter made the monthly payments from the income of the property and from money received for board and room furnished to her children and another boarder. The findings of fact negative any contribution on the part of the husband toward payments made on the property. The plaintiff had the right to purchase and own this property as her separate property, and it is considered that the findings of fact show this real estate to be the separate property of the wife.

The sole power of the court to finally divide property in a divorce action is found in sec. 247.26, Stats., the material part of which is as follows:

"And the court may finally divide and distribute the estate, both real and personal, of the husband and *so much of the estate of the wife as shall have been derived from the husband,* between the parties and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case."

See *Frackelton v. Frackelton* (1899), .103 Wis. 673, 79 N. W. 750; *Towns v. Towns* (1920), 171 Wis. 32, 176 N. W. 216.

No claim is made that the husband had legal title to this property, and the findings of fact do not show that the wife derived any portion of it from the husband. It is therefore considered that the court was not empowered to make a division of this real estate.

Plaintiff also appeals from that part of the judgment providing that the defendant shall not be required to pay any permanent alimony, attorneys' fees, or costs and disburse-

ments of the action. Without a bill of exceptions, we are not in a position to review the evidence on the question of alimony, attorneys' fees, costs and disbursements. The findings of fact show that the plaintiff had a separate income from persons boarding and rooming at the residence, and with the finding of the trial court that the regular monthly payments on the land contract were made from rents collected on the property, which the plaintiff will now receive, it cannot be said that the trial court was in error in refusing permanent alimony, attorneys' fees, costs and disbursements. The reversal of that part of the judgment as to division of the property is beneficial to the plaintiff, and places her in a better position financially than she was under the judgment as originally entered. It is considered that the findings of fact are sufficient to sustain the judgment of the trial court denying permanent alimony, attorneys' fees, costs and disbursements, as a matter of law.

*By the Court.*—That part of the judgment directing a division of the real estate is reversed, and cause remanded with directions to modify the judgment in accordance with this opinion.