### CASE 25—MOTION—JANUARY 5.

# Dugan vs. Dugan.

**APPEAL FROM DAVIESS CIRCUIT COURT.**

1. In a suit by a wife for divorce, where she appeared to be "in fault," and the owner of estate worth over $2,000, the husband should not have been subjected to the payment of her costs.   (*Rev. Stat., sec. 32, chap.* 25.)

2. "Costs," as used in the statute, include reasonable compensation to the wife's counsel.

3. The wife would not be allowed under this statute to tax her husband with the fees of as many as *four* lawyers.

SWEENEY & TAYLOR, for appellant, cited *Rev. Stat., ch.* 25, *sec.* 22.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

After the pendency, for nearly two years, of a suit for a divorce brought by Sarah W. Dugan against her husband, Henry Dugan, she dismissed her petition "without prejudice;" and, afterwards, on motion of her counsel (four in number), the circuit court made a peremptory order requiring him to pay those attorneys $300 for their services as her representatives in this case. To set aside that judgment is the object of this appeal.

The 32d section of chapter 25, of Revised Statutes, page 292, provides that "in suits for alimony and divorce, the husband shall pay the costs of each party, unless it shall be made to appear in the cause that the wife is in fault, and has ample estate to pay the same."

This is the law of this case; and the "costs" constructively include reasonable compensation to the wife's counsel. But, deciding, as we must do, on the face of the record, the wife in this case should be deemed "in fault," and also the owner of a separate estate, chiefly in money, exceeding $2,000.

Moreover, it would be unwise and hazardous policy to tax the husband with the fees of as many attorneys as a capricious or vindictive wife might choose to employ, and would also pervert the just and provident aim of the statute, which is to

secure ample protection to an outraged and destitute wife. The statute could never have contemplated as many as four lawyers as necessary for the proper defense of such a wife. One competent counsel or one professional firm might be sufficient in most of such cases. And the attorneys in this case must look to their client alone for their fees.

Wherefore, the judicial order now complained of is reversed and set aside, and the cause remanded, with instructions to dismiss the motion.