## SMALL v. SMALL.

1. **Divorce:** ALIMONY. In an action for divorce the court may direct that either party shall contribute to the support or maintenance of the other, pending the action, or to its prosecution or defense, and in fixing the amount of the alimony the age, sex and pecuniary condition of the parties shall be considered.

*Appeal from Polk Circuit Court.*

TUESDAY, DECEMBER 14.

On August 25, 1874, the plaintiff filed his petition stating that he and the defendant intermarried, January 31, 1872, and that they continued to live together as husband and wife till May, 28, 1872, when the defendant without cause abandoned him. That, November 16, 1872, there was born to them a son. He asked for a divorce and for the custody of the child.

On October 7, 1874, the defendant appeared and filed her motion for temporary alimony, etc., and upon the hearing the court allowed $20 per month for the support of the defendant and child, and $50 for attorney's fees. The further necessary facts appear in the opinion. Plaintiff appeals.

*McHenry & Bowen*, for appellant.

*Barcroft, Given & Drabelle*, for appellee.

COLE, J.—The motion in this case was heard upon the affidavits of the respective parties, showing substantially the following facts: The affidavit of the defendant states that at the time of her marriage she was the owner of an eighty acre farm in Polk county, and a small amount of personal property. That she purchased said farm with her own earnings, and what she had been able to save of a pension received by her as the widow of a former husband. That at that time a considerable portion of the purchase money for the farm had not been paid. That since May 28, 1872, she had been compelled to support herself and two children, one the child of a former husband, and the other the child mentioned in the petition;

and to pay off the balance due on the farm, and by reason thereof she is now without funds or the means of procuring any, without incurring an indebtedness and embarrassing herself in the support of her family. She also states that the plaintiff is the owner of a large amount of property and has money at interest. That he is the owner, at least, of eleven houses and lots in Des Moines, from which he derives an income. She admits the date of the marriage as alleged in the petition, and the date of separation, and states facts in detail tending to justify her in leaving the plaintiff. The plaintiff in his affidavit denies the statements made by the defendant in her affidavit respecting his conduct towards, and treatment of her tending to justify her in leaving him. He states that shortly after the marriage he let the defendant have $100, to pay on the farm as she said; that since defendant left, he has paid her doctor's bill, purchased some clothing for the child and given her $15 in money. The plaintiff also states that while he is the owner of twelve houses and lots in Des Moines, from which he derives some income, yet, that said houses are small and do not rent for very much, each, and are often vacant, sometimes occupied by tenants who do not pay and the houses frequently require repairs. He admits that he has some money at interest, but states that he owes three times as much as he has at interest. He also introduced the affidavit of two persons who were present at the time of the separation, tending to show that no serious difficulty then occurred.

Upon these facts we are not prepared to say that the order made by the Circuit Court, allowing to the defendant $20 per month for the support of herself and child, and $50 as an attorney's fee for the defense of the action, was an abuse of the discretion necessarily possessed by the court, nor that it was, under the circumstances, unreasonable or improper. Under our Code " Sec. 2226, the court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action." Also " Sec. 2228. In making such orders the court or judge

shall take into consideration the age, condition, sex and pecuniary condition of the parties, and such other matters as are deemed pertinent, which may be shown by affidavits in addition to the pleadings, or otherwise as the court or judge may direct."

Here it is shown that the plaintiff has property from which he is realizing an income; that the defendant is destitute of any ready means to defray the expenses of her living and of the action, and can only provide herself therewith by encumbering her property or otherwise embarrassing herself with debt. She has almost wholly supported the child for the last three years, and still has upon her the burden of its support. While the parties are at issue respecting which is in the wrong, as to the cause of their separation, it is but reasonable and right that the plaintiff under the circumstances should contribute to the support of his wife and child, and aid her in defraying the expenses of a litigation which he has forced upon her.

AFFIRMED.