## SUMNER vs. SUMNER, imp.

*March 17 — April 5, 1882.*

DIVORCE. *(1) Power of court as to suit money.   (2) No abuse of discretion in this case.*

1. Under sec. 2361, R. S., the circuit court in a suit by the wife for divorce has power, upon rendering judgment dismissing the complaint (as well as before judgment), to order the husband to pay such sum as in its discretion it deems necessary to meet the expenses of the prosecution of the suit.

2. Where it appeared that neither party had been blameless in the treatment of the other; that the husband had on several occasions used harsh and insulting language towards the wife; that he advised her to obtain a divorce, under an erroneous impression as to the law; and that plaintiff prosecuted the action in good faith, believing that she had good cause for a divorce: *Held*, that there was no abuse of discretion in requiring the defendant to pay the actual and necessary disbursements of plaintiff's attorney in prosecuting the action, and reasonable fees therefor.

APPEAL from the Circuit Court for *Sauk* County.

The defendant *Sumner* appealed from so much of a judgment of divorce against him as required him to pay $400 suit money.

The cause was submitted on the brief of *Noyes Bros.*, his attorneys, with *J. W. Lusk*, of counsel, for the appellant, and that of *Levi Crouch*, as attorney, with *G. Stevens*, of counsel, for the respondent.

COLE, C. J.   This was an action for divorce on the ground of cruel and inhuman treatment. The circuit court found against the plaintiff on the proofs, and dismissed her complaint. The court further adjudged that the defendant pay the plaintiff the sum of $400, in addition to the suit money already paid, to reimburse the plaintiff's attorneys for actual and necessary disbursements and reasonable fees in prosecuting the action. The appeal is from that part of the judgment making this allowance to the plaintiff on dismissing her com-

plaint. It is claimed that the court below had no power, after having heard the cause and decided it in favor of the husband upon the merits, to order him to pay any expenses incurred by the wife in prosecuting the action. But we think this view incorrect, and that the statute (section 2361, R. S.) gave the court full power to adjudge the payment of this money: for the statute expressly authorizes the court to order the husband to pay such a sum as in its discretion is deemed necessary to enable the wife to prosecute her suit; and we see no reason for holding that this power ends when the case is brought to a hearing and the wife fails to sustain her action. It is evident that this was not the view taken of the statute in *Phillips v. Phillips*, 27 Wis., 252. There the wife failed to sustain her action, and this court, upon appeal, affirmed the judgment dismissing her complaint. But still, as it appeared that the wife was without any means whatever, and the husband had not been altogether blameless, he was ordered to pay a portion of the expense incurred by her in prosecuting the appeal.

In divorce suits the circuit court has plenary power over the whole subject of these allowances, both before and after judgment; and this court has said that it would not interfere with the determination of the trial court in the matter, unless there had been an abuse of discretion in making such allowances. *Williams v. Williams*, 29 Wis.. 518; *Downer, Adm'r, etc., v. Howard*, 44 Wis., 82. The statute goes on the theory of the wife's dependence upon her husband for the expenses of the litigation (*Coad v. Coad*, 40 Wis., 392), where she has no separate estate. In this case the court below found that the wife had no separate estate out of which costs and disbursements could be paid, and that her actual cash disbursements amounted to $300. The court also found as facts established by the evidence, that neither party had been blameless in the treatment of the other; that both were persons of somewhat quick and hasty temper; and that the husband, on several oc-

casions, had used, when addressing her, harsh and insulting language, calling her a fool, damned liar, etc. The court also found that the defendant was willing that the plaintiff should obtain a divorce, and advised her to do so, erroneously supposing that incompatibility of disposition and temper constituted a good ground of divorce; and that the plaintiff believed when she commenced the action, and still believes, that she has good cause for divorce, and has prosecuted the same under the advice of counsel given in good faith. The evidence in the case is not before us, but we must presume that it fully sustained these findings of fact. If it did, then it is very obvious that the conduct of the husband towards his wife has been grossly improper and unjust; that, if he has not been guilty of acts of personal violence in his treatment of her, he has certainly addressed her in unmanly, profane and abusive language. "It may be a salutary admonition to him to govern himself and regulate his conduct in future, if he is required to pay" the amount adjudged by the court below. DIXON, C. J., in *Phillips Phillips, supra.* Under the circumstances, we cannot assume that the amount allowed was unreasonable or oppressive. We must presume, in the absence of all proof, that it was a just and fair allowance, notwithstanding the plaintiff had failed to make out her case. Certainly the court had power to allow it, and there is nothing to show that its discretion in the matter was not wisely exercised.

*By the Court.*— That part of the judgment appealed from is affirmed.