## CAMPBELL v. CAMPBELL.

1. **Divorce**: TEMPORARY ALIMONY: GROUND OF. Upon a motion for temporary alimony to enable the wife as plaintiff in a divorce suit to prosecute her case, it is not necessary that her affidavits show that she is entitled to a divorce.

2. ————: ————: PRIOR SEPARATION AND DIVISION OF PROPERTY. The fact that the parties had previously separated, and made a division of the property, was no ground for denying temporary alimony to the wife upon an action begun by her for a divorce. (*Martin v. Martin*, 65 Iowa, 255, and *Blake v. Blake*, 7 Id., 46, where there was not only a separation, but a dissolution of the marriage, distinguished.)

3. ————: ————: NEED OF: DISCRETION OF TRIAL COURT. The making of an allowance for temporary alimony to a wife as plaintiff in a divorce suit is a matter resting largely in the discretion of the trial court, and this court will not interfere unless an abuse of such discretion is clearly shown; which is not done in this case. (See cases cited in opinion.)

*Appeal from Adair District Court*—HON. J. H. HENDERSON, Judge.

FRIDAY, DECEMBER 16.

ACTION for a divorce and for alimony brought by the plaintiff, Susanna Campbell, against the defendant on the ground of adultery. The defendant pleaded connivance and condonation, and the plaintiff denied the same. While this action was pending in the court below, the plaintiff moved for an order of allowance to enable her to defray her expenses in the prosecution of the suit. The court made an order allowing her $350, and from that order the defendant appeals.

*H. E. Don Corlos* and *Willard & Fletcher*, for appellant.

*R. Mickey* and *Grass & Storey*, for appellee.

ADAMS, CH. J.—I. The defendant insists that the affidavits filed in resistance to the motion show that the plaintiff is not

1 DIVORCE: temporary alimony: ground of.

entitled to a divorce. But we do not think that upon the question of an allowance of suit-money the plaintiff was bound to show that she was entitled to a divorce. The very object which she has in view

in asking for the allowance is to put herself in a condition to show that she is entitled to a divorce.

II.　It seems to be undisputed that the parties in 1885, or prior thereto, separated, and soon thereafter made a division of the property. It is insisted that the agreement for a division bars the plaintiff from setting up a claim for alimony; but in our opinion it cannot properly be allowed to have such effect. We think that the most that can be said is that the court below, in making her the allowance, should have taken into consideration, as probably it did, her pecuniary condition, and granted only such allowance, if any, as her necessities seemed to require. The defendant relies upon *Martin v. Martin*, 65 Iowa, 255, and *Blake v. Blake*, 7 Id., 46. But in those cases the agreement which was made was for alimony on the dissolution of the marriage. In the case at bar, the agreement was made upon a mere separation. We do not think that the plaintiff was precluded by it from setting up a claim for suit-money after an action for a divorce was brought.

*2. —— : ——: prior separation and division of property.*

III.　The defendant claims that the evidence shows that the plaintiff's pecuniary condition is such that she did not need allowance for suit-money. The evidence shows that the plaintiff is possessed of 120 acres of land, and a small amount of personal property. It shows, however, that only a part of the land is improved, and that she is in poor health. While there may be some doubt upon the question as to the plaintiff's necessities, the making of such an allowance as that in question is a matter of discretion, and it is not for an appellate court to set it aside, unless it shall appear that the discretion was abused. (*Small v. Small*, 42 Iowa, 111; *Foss v. Foss*, 100 Ill., 576; *Harrison v. Harrison*, 49 Mich., 240; S. C., 13 N. W. Rep., 581; *Sumner v. Sumner*, 54 Wis., 642; S. C., 12 N. W. Rep., 21.) We are not prepared to say that, in view of all the circumstances shown, the court below abused its discretion.

*3. —— : ——: need of: discretion of trial court.*

IV.　The plaintiff insists that this appeal was taken for

delay, and that she is entitled to damages, and for an additional allowance in preparing an abstract and argument. We see no reason to think that the appeal was not taken in good faith. As to a further allowance of suit-money, we have to say that, with the allowance already made, the plaintiff is not destitute, and we do not think that she is entitled to more now.                                        AFFIRMED.