SCHULZ, Appellant, vs. SCHULZ, Respondent.

*February 23—April 17, 1906.*

*Divorce: Discontinuance: Terms: Payment of attorney's fees, etc.: Amount: Excessive allowance: Referee's report advisory only.*

1. Upon a motion by the plaintiff husband for discontinuance of a divorce action the court was not bound to discontinue it unconditionally, but might, as a condition, require plaintiff to pay the reasonable attorney's fees and other expenses incurred by the wife in defense of the action, and also an unpaid balance of temporary alimony theretofore due to the wife under a previous order of the court.
2. The attorney's fees which the husband should be required to pay for his wife in a divorce action are such only as will reasonably compensate the services performed in carrying on the litigation, in view of all the circumstances of the case, regardless of the number of attorneys employed; and in a case where numerous attorneys were unnecessarily employed and discharged by the wife without reason or excuse, an allowance of $474.50 is *held* excessive and is reduced to $250.
3. The report of a referee as to the value of attorneys' services for the wife in an action for divorce was merely advisory, and, though there was no exception to such report, the court had full power to modify it and determine for itself the amount to be allowed.

Schulz v. Schulz, 128 Wis. 28.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Modified and affirmed.*

In May, 1904, this action was brought by appellant against his wife for divorce on the ground of cruel and inhuman treatment. Defendant, through her attorneys, Sheridan & Wollaeger, answered by general denial and prayed that the action be dismissed. At the time of answering, on motion of defendant, the court ordered plaintiff to pay $25 attorney's fees, $43 per month temporary alimony, and gave defendant the use of the homestead and furniture. The case came on for trial and was continued at defendant's request. Shortly thereafter Mr. Toohey was substituted as attorney for defendant in place of Sheridan & Wollaeger, and defendant paid Sheridan & Wollaeger $50 additional fees, and afterwards paid John Toohey $10, his fees, and J. C. Officer was substituted as defendant's attorney. In October, 1904, J. C. Officer, defendant's attorney, prepared and served an amended answer charging plaintiff with improper conduct, not necessary to relate here, and further alleging that plaintiff was the owner of real estate worth $9,000 and was earning $450 a month and owned personal property of the value of $1,200, and asked that the complaint be dismissed. In January, 1905, plaintiff served an amended complaint setting up the substance of original complaint and charging defendant with improper conduct similar in character to that charged by defendant against plaintiff, averring that plaintiff earned $458 a month and that he was the owner of a homestead worth $5,000, and denying that he had any other property, and praying for an absolute divorce. Defendant paid J. C. Officer $43 and shortly thereafter retained George Sylvester, whereupon J. C. Officer rendered his bill to defendant and agreed to accept $100, balance due for his services.

On February 8, 1905, plaintiff moved to dismiss the complaint and defendant opposed the motion except on terms, and made a counter motion that plaintiff be required to pay $21.50

temporary alimony due February 1, 1905, also the following sums as attorney's fees: $50 paid to Sheridan & Wollaeger, $10 paid to John Toohey, $43 to J. C. Officer, $100 balance due J. C. Officer, and the sum of $250 to Geo. Sylvester. Both motions came up together and the court referred the matter to W. J. McElroy, Esq., a court commissioner, to ascertain and determine the temporary alimony due, also the value of attorney's fees (each attorney separately) and expenses and disbursements of defendant, and report the same to the court, and set aside a former order made February 3, 1905, directing the sum of $100 paid to J. C. Officer as attorney's fees.  Mr. McElroy took testimony and reported to the court that the defendant apparently without reason became dissatisfied with her attorneys, discharged them, and employed John Toohey; that they were paid $25 under order of the court, and afterwards $50 by defendant; that Sheridan & Wollaeger disbursed $3, and that the amount paid them was less than their due; that defendant became dissatisfied with Mr. Toohey, paid him $10, and discharged him; that after the discharge of Mr. Toohey, J. C. Officer was employed and subsequently Geo. Sylvester.  The referee found as facts that there was due the defendant as unpaid alimony $21.50; that the services of J. C. Officer and Geo. Sylvester were rendered at request of defendant and were proper and necessary; that there was due J. C. Officer, balance for services, $100; that there was due Geo. Sylvester for services $250.

The court, on motion, confirmed the report and ordered that plaintiff pay, within five days, $21.50, temporary alimony due defendant, also $50 theretofore paid by defendant to Sheridan & Wollaeger, $10 to John Toohey, and $43 paid to J. C. Officer.  Also further ordered that plaintiff pay J. C. Officer within five days $100 and Geo. Sylvester $250, and upon payment of said sums aggregating $474.50 the action stand discontinued.  Judgment was rendered accordingly,

from which this appeal is taken. Defendant also moved in this court for a proper and suitable sum for attorney's fees, printing, and traveling expenses on this appeal.

For the appellant there were briefs by *John F. Donovan,* attorney, and *Adolph Huebschmann,* of counsel, and oral argument by *Mr. Donovan.*

For the respondent the cause was submitted on the brief of *George Sylvester.*

The following opinion was filed April 17, 1906:

KERWIN, J. 1. It is claimed on the part of the appellant that the court should have discontinued the action unconditionally, and that it had no power to allow attorney's fees after notice of discontinuance. The notice did not discontinue the action nor did it purport to do so. It was an application to the court for an order dismissing the action. The court had control of the action and could impose reasonable and proper terms as a condition of discontinuance to protect the interests of the parties. *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *Sumner v. Sumner,* 54 Wis. 642, 12 N. W. 21. Under sec. 2361, Stats. 1898, in every action to confirm or annul a marriage, or for divorce, the court or judge may during the pendency of the action make such orders requiring the husband to pay such sums for the support of the wife, and to carry on or defend the action, as in its discretion shall be deemed reasonably necessary or proper. Such orders may be made during the pendency of the action, and the court may, upon rendering judgment of dismissal, order the husband to pay such sum as was reasonably necessary to meet the expenses of defending the suit. *Sumner v. Sumner, supra.* We think it clear that upon motion for discontinuance by the plaintiff in this action he was not entitled to an unconditional discontinuance, but the court had the right in its discretion to require him to pay the reasonable expenses incurred by the wife in defense of the

action as a condition of such discontinuance. *Sumner v. Sumner, supra.* Counsel contends that after the motion to discontinue the action the court had no power to make any order allowing attorney's fees and expenses. But the motion of itself could not divest the court of jurisdiction or deprive it of the power to make such order as was reasonably necessary to protect the rights of the parties litigant as a condition of discontinuance. The incurring of attorney's fees and expenses by the wife at the suit of her husband for divorce gave her an interest in the action sufficient to enable the court to make proper and suitable orders for the protection of such interest. *State ex rel. Milwaukee v. Ludwig, supra; Sumner v. Sumner, supra.* The plaintiff in this case did not seek to discontinue absolutely of his own motion without the intervention of the court, but applied to the court for an order discontinuing the action, and upon such motion the court had ample power under the statute and decisions of this court to make an order requiring the payment of reasonable attorney's fees and expenses as a condition of discontinuance.

2. It is further contended that the court had no authority to allow $21.50, balance of temporary alimony due February 1, 1905, under previous orders of the court, for the reason that by the discontinuance of the action plaintiff assumed the obligations of husband and was, therefore, bound to support and maintain his wife. But, as before observed, the action had not been then discontinued and the amount of alimony had become due before the motion was made. The court had the right under the statute to require plaintiff to pay such temporary alimony due and unpaid before discontinuance as a condition thereof.

It is earnestly contended, however, that the whole amount ordered paid was unreasonable and excessive, and that, assuming the court had power to order payment, still it abused its discretion in that regard. After plaintiff moved to discontinue, the defendant made a counter motion that he be re-

quired to pay temporary alimony due and a suitable sum for
expenses incurred in carrying on the defense of the action.
The matter was referred to a court commissioner to deter-
mine the amount of temporary alimony due and unpaid, and
also to ascertain and determine the value of attorney's fees,
expenses and disbursements of the defendant incurred in de-
fending the action, and report the same to the court. The
referee reported to the court, and the court confirmed such re-
port and ordered plaintiff to pay defendant $21.50, balance
due for temporary alimony under previous orders; also $50
to Sheridan & Wollaeger, attorneys, $10 to John Toohey, at-
torney, $43 to J. C. Officer, attorney, $100, balance due said
J. C. Officer, and $250 to Geo. Sylvester, attorney, amount-
ing in the aggregate to $474.50, and that upon payment of
said sums the action stand discontinued. The question arises
whether the amount ordered paid was unreasonable and ex-
cessive.

It appears from the record that the defendant unnecessarily
employed and discharged at different times different attor-
neys. It is very obvious that she incurred much larger ex-
penses by way of attorney's fees in consequence of the re-
peated changes in attorneys than was necessary. No ne-
cessity whatever appears for any of the changes in attorneys,
and with the exception of the services performed upon appeal
to this court but very little necessary services were actually
performed in the action on the part of the defendant. It is
not the purpose or policy of the statute to allow a wife to tax
the husband with fees of as many attorneys as she may em-
ploy regardless of the necessities of the case. *Dugan v. Du-
gan,* 1 Duv. 289. The attorney's fees should be such only as
are reasonable and necessary to compensate for the services
performed in carrying on the litigation in view of all the cir-
cumstances of the case, regardless of the number of attorneys
employed. A careful examination of the bill presented for

services, together with the evidence respecting the same, convinces us that the bill allowed by the lower court was excessive and that the court abused its discretion in allowing such amount. It appears that about half of the bill rendered is made up of charges for services on various motions respecting attorney's fees and substitutions of attorneys. The practice of allowing fees to numerous attorneys unnecessarily employed and discharged by the wife, without reason or excuse, in divorce actions cannot be tolerated. The allowance of attorney's fees in such cases must be measured by the services performed, not by the number of attorneys employed. We think, therefore, in view of all the circumstances of this case that the amount ordered paid as a condition of discontinuance, $474.50, should be reduced to $250. *Williams v. Williams,* 29 Wis. 517.

It is claimed, however, on the part of the respondent that, since no exception was taken to the report of the referee, the court was without power to change the findings. But this does not follow. The matter of fixing the amount of attorney's fees rested with the court. The reference was simply advisory and the report was not binding upon the court. The contention of counsel for respondent that the statute and rules of court as to trial of actions before referees and proceedings thereon apply to mere special proceedings like the one in question, resorted to by the presiding judge for the purpose of obtaining assistance in passing upon the account of attorneys, cannot be sustained. *Harrigan v. Gilchrist,* 121 Wis. 127, 414, 99 N. W. 909.

3. On the motion in this court by the respondent for a suitable allowance to enable her to defray the expenses of defending upon this appeal, we think a reasonable allowance should be made, and, therefore, the sum of $75 is allowed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion. Further ordered, that appel-

lant pay respondent, or her attorneys, $75 as and for attorney's fees and expenses on this appeal.

On April 28, 1906, the following order was made:

*By the Court.*—Ordered, that the mandate of the court in this action be changed so as to read as follows:

The judgment of the court below is modified by inserting the sum of $250 in place of $474.50 as condition of discontinuance, and as so modified is affirmed without costs, except that appellant pay the clerk's fees. Further ordered, that appellant pay respondent, or her attorneys, $75 as and for attorney's fees and expenses on this appeal.