ROBERTS, Appellant, vs. ROBERTS, Respondent.*

*September 15—October 12, 1948.*

* Motion for rehearing denied, with $25 costs, on December 15, 1948.

For the appellant there were briefs by *Austin J. Baird* and *Jacobson & Hippenmeyer,* all of Waukesha, attorneys, and *Daniel H. Grady* of Portage of counsel, and oral argument by *Mr. Grady* and *Mr. Richard S. Hippenmeyer.*

For the respondent there was a brief by *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, and oral argument by *Walter D. Corrigan, Sr.*

Hughes, J.    The appellant was a man eighty-one years of age and the respondent was of the age of fifty-seven years at the time the action was tried.    They were married in 1939, each having been formerly married, the respondent being a widow and mother of one daughter who was an adult at the time of the marriage.    The appellant has no children.

In 1944, the appellant commenced an action for divorce against the defendant, alleging cruel and inhuman treatment. The wife merely defended that action and appellant failed to prove cause for divorce.    This action was thereafter commenced by appellant; respondent answered and counterclaimed

for divorce, alleging cruel and inhuman treatment of her by the appellant.

After trial the court found that the respondent was without fault in the marriage relationship; that the appellant was guilty of cruel and inhuman treatment, the record disclosing that it consisted of false accusations against respondent and open association by appellant with another woman. Judgment was granted to respondent upon the proofs submitted under her counterclaim, and an award of the lump sum of $75,000 together with the home and household furnishings was made to respondent in lieu of alimony.

The appellant challenges no portion of the judgment for divorce except that which makes the award to respondent in lieu of alimony. The award is attacked primarily because of language in the opinion of the trial court which appellant contends indicates that the court acted under misapprehension of the law and indicated that if it understood the law as it is, it would have created a trust to assure respondent of alimony during her lifetime instead of making a division of property. The language of the court referred to is:

"Plaintiff's counsel suggests that defendant should have no more than a home in which to live or adequate rent therefor and an amount to provide a $200 per month income for 16.05 years, her life expectancy. On the basis of a three per cent return, which is probably as much as might be expected under present conditions that would require a home and $80,000. If it were possible to provide in this case that the plaintiff establish or set up a fund from which defendant might have a suitable annuity during her life it would be the ideal solution, especially since the parties have no children to whom the corpus would go upon the death of both. The court doubts however that this could be done. The possibility was referred to in *Lally v. Lally,* 152 Wis. 56, but the court was not called upon to decide the point."

Appellant contends that sec. 247.31, Stats., clearly authorizes trial courts to establish a trust, and cites the cases of *Dillon v. Dillon* (1943), 244 Wis. 122, 11 N. W. (2d) 628;

*Beck v. First Nat. Bank in Oshkosh* (1944), 244 Wis. 418, 12 N. W. (2d) 665; and *Schulz v. Schulz* (1906), 128 Wis. 28, 107 N. W. 302.

While the statute seems to give trial courts the power contended for by the appellant, this court deems a careful consideration of that question at this time unnecessary and desires only to point out that the *Beck Case, supra,* involved disposition of the corpus of a trust created voluntarily by the father of Mrs. Beck in a stipulation with the mother for the support of two children in the divorce case of Fitch against Fitch. The case of *Dillon v. Dillon, supra,* involved the question of the court's authority to compel the husband to pay support moneys in a divorce action out of income derived by him as a beneficiary of two out-of-state trusts, and does not appear to involve the question of creation of a trust by the court hearing the divorce action.

For the purpose of deciding this case we may assume that the trial court is authorized by sec. 247.31, Stats., to create trusts out of the husband's estate and designate beneficiaries of income and to dispose of the corpus after the trust purposes are met. We will further assume that the trial court erroneously considered that he had no such power. The parties to the action were married in 1939. At that time appellant was a wealthy man in his early seventies; the respondent was nearing fifty years of age. The appellant has no children nor close relatives of whose rights the trial court had any duty to be solicitous in this case. The marriage relationship between the parties continued until appellant's misconduct required its dissolution. The respondent lost substantial rights both to continued support and of inheritance if the relationship had continued to its normal end and the appellant should have predeceased her.

The results produced by the judgment appealed from are so salutary as to appeal to anyone possessed of a sense of justice. In addition, a reading of the entire decision of the trial

court indicates that it had no strong desire to set up a trust for the payment of alimony. The paragraph above quoted from the court's opinion was preceded by this statement:

"While it is true that the greater part of plaintiff's fortune of $286,697.62 was acquired by him before the marriage and defendant has not contributed directly to its acquisition, there are circumstances which require that the court make such division as will give her at least enough to permit her to hope that she may be able to provide for herself. She has reached the age at which it is not likely that she will be able to provide for herself and is cast upon her own as the result of the misconduct of plaintiff who seems to be quite anxious that their relationship be dissolved, and his financial status and ability to earn are such that he can well give up nearly a third of his fortune without having to be concerned about his own future. These circumstances convince the court that the estate of the plaintiff be divided and that defendant should have a portion large enough to provide an income which will be sufficient to buy at least the bare necessities of life. I agree with counsel for plaintiff that 'the theory of a division of the husband's property is that it is given *for the wife's support,* in lieu of alimony.' If the court were inclined to order the payment of alimony rather than to divide the husband's estate, there is enough in the record to indicate that a rather substantial allowance for alimony should be made; much more than defendant will probably be able to realize as income from her portion of the division. But if alimony were to be provided she might, in a few years, find herself with nothing. She is fifty-seven years old, he is eighty-two. Only the Lord knows which of these two people will live the longer, but the court may not ignore the fact that she has a considerably longer life expectancy than he has."

It appears quite obvious that the discussion by the trial court of setting up a trust was cursory, was in response only to the insistence of appellant's counsel that the wife be allowed alimony only, and was held after the trial court had determined that the equities and circumstances of the parties required an allowance to the wife of a division of the husband's property.

Appellant next contends that the allowance of $87,000 to the wife is excessive, and also challenges some of the figures upon which the court based its findings of appellant's net worth. We have examined the record and find no basis for either contention.

Respondent moves the court for a review of that portion of the judgment which requires appellant to pay $4,000 attorneys' fees to the respondent's counsel. This action was bitterly contested and the trial was rather lengthy, and respondent's counsel contends that it was only through their efforts that much of the property of the appellant was brought to light. The court in its recital says that it has no doubt that the respondent's attorneys earned $7,500, but that it would order only $4,000 to be paid by appellant and that the respondent should pay the balance. It would appear that the trial court might very well have ordered appellant to pay the full amount, but that is a matter which is largely discretionary. The trial court, who had an opportunity to see the lawsuit in its entirety, had a right to and no doubt did consider the award to respondent in lieu of alimony and concluded that she was well able to pay any balance of attorneys' fees owing, out of the property which she was acquiring through this judgment. There being no apparent abuse of discretion on the part of the trial court and no error in the record, we are of the opinion that the judgment should be affirmed in its entirety.

*By the Court.*—Judgment affirmed.