HARTMAN, Respondent, vs. HARTMAN, Appellant.

*September 16—October 12, 1948.*

For the appellant there was a brief by *Hammersley, Torke & Kelley* of Milwaukee, and oral argument by *Charles H. Hammersley.*

For the respondent there was a brief by *Rubin & Ruppa* of Milwaukee, and oral argument by *Nathan Ruppa*.

MARTIN, J.   It is conceded that there was evidence sufficient to justify the judgment of divorce and that the main question here is as to the division of property.   The subject of divorce and distribution of property in divorce proceedings is regulated by statute in this state, and the right of distribution in this case must be found in the statutes.   Sec. 247.26, Stats., which is applicable here, provides in part:

". . . and the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, . . ."

The theory of our divorce statutes is to provide for an equitable division of the property of the parties, including such property of the wife as shall have been derived, either mediately or immediately, from the husband.   The property may be the property of the wife and yet be derived from the husband so as to bring it within the operation of the statute.   The estate which may be derived from the husband clearly includes property the title to which is in the wife.   *Martin v. Martin* (1918), 167 Wis. 255, 167 N. W. 304.

The evidence is undisputed that defendant made the down payment on the homestead and took the property in her own name, and that she gave a mortgage for the balance of the purchase price.

The evidence of defendant's earnings was taken from the income-tax returns and for the year 1943 shows an income from wages of $1,435.67.   In addition she reports a net rental of $328.18, the gross rental being $600.   The defendant's income return for 1944 shows that she received wages in the amount of $1,098.03 and a net income from rentals of $350.92. It is apparent from the above that the wages earned by the defendant during 1943 and 1944 amount to $2,533.70 and net

rentals for those two years amount to $679.10, or a total of $3,212.80.

During the same period of time, plaintiff reported an income of $2,742.81 for 1943, and $3,251.70 for 1944, or a total of $5,994.51.

The mortgage placed on the property on April 27, 1943, and duly recorded was released and satisfied on December 20, 1944. Therefore, in a period of less than twenty months the mortgage of $4,192.07 was paid off.

Even if the defendant placed all her earnings for 1943 and 1944 in a separate fund without using any part of her income for income taxes, wearing apparel, and incidentals, the amount is not sufficient to satisfy the mortgage. The plaintiff turned over his unbroken checks to the defendant for this same period and, therefore, the evidence shows that the mortgage was paid off out of the joint earnings and savings of the two parties.

The evidence also shows that the plaintiff earned the following from 1940 to 1946, inclusive:

| | |
|---|---|
| 1940—$1,946.09 | 1944—$3,251.70 |
| 1941— 2,355.74 | 1945— 3,272.28 |
|     90.00 (board income) | 1946— 2,383.37 |
| 1942— 2,990.90 | 154.74 |
| 1943— 2,742.81 | |

The trial court also took into consideration that not only was the homestead in the name of the defendant but also the postal savings, savings account, and checking account. The plaintiff turned over his unbroken checks to the defendant from the time of their marriage until September, 1946.

It was stated in *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075:

"The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter. Therefore, the trial deter-

mination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment. *Newton v. Newton,* 145 Wis. 261, 130 N. W. 105."

Upon a review of the record we are satisfied that the court did not err in its findings and conclusions as to extent and sources of the property of the parties and as to the amount awarded to the defendant.

Defendant has asserted that the court erred in permitting and considering evidence obtained in a search of the hotel room in which defendant was found and that the search was unlawful and in violation of defendant's constitutional rights.

After considering all the evidence in this case, we cannot find that there was illegal entry or illegal search of the room of Mr. Shafron, the man with whom the defendant is charged to have committed adultery. Defendant's contention of unlawful search of Mr. Shafron's hotel room is without merit. The evidence discloses that Mr. Shafron voluntarily opened the door and without protest from him witnesses walked in. Even though the search be unlawful, this court held in *State v. Drew* (1935), 217 Wis. 216, 257 N. W. 681, that evidence does not become irrelevant or immaterial or lose its probative force by reason of its being illegally obtained though it may be suppressed on timely and proper application and proof. Defendant made no objection to the admission of this evidence.

We feel that the trial court was justified in finding "the defendant committed adultery with one Sam Shafron on August 30th, 1947, at the Wisconsin Hotel in Milwaukee,— either that night or on the morning of August 31st,—Sunday morning,—in that hotel" and further stated:

"I have in my practice, and since on the bench, listened to many claims of adultery on the part of a wife; but I have never seen a situation based on circumstantial evidence that is so very overwhelmingly clear as is this case.

"We certainly have the disposition to commit the act of adultery on the part of Mrs. Hartman; we have the disposition on the part of the alleged paramour, Mr. Shafron; we have the opportunity to commit the act. We had practically undisputed evidence with reference to the fact that they were both in the room at the same time; that they were partially disrobed, to say the least; and the opportunity as to time;—all are there. There is no question in my mind."

Defendant's counsel claims that the parties did not have the right to waive a jury trial in an adultery issue.

Art. I, sec. 5, Const., provides:

"*Trial by jury; verdict in civil cases.* The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law. . . ."

Sec. 270.32, Stats., provides:

"*Jury trial, how waived.* Trial by jury may be waived by the several parties to an issue of fact by failing to appear at the trial; or by written consent filed with the clerk; or by consent in open court, entered in the minutes."

The defendant consented to a waiver of trial by jury in writing filed with the clerk, and the trial court had no choice but to permit this waiver to stand.

Defendant also claims that the trial court erred in refusing to grant the defendant a new trial or to allow her to offer additional evidence. We find that the trial court's memorandum decision setting forth the facts justifies the order of the court denying motion to set aside judgment and grant new trial.

*By the Court.*—Judgment affirmed.