POLLECK, Respondent, v. POLLECK, Appellant.

*October 6—November 3, 1959.*

For the appellant there was a brief by *Beck & Buckley* of Waukesha, and oral argument by *John P. Buckley*.

For the respondent there was a brief and oral argument by *James D'Amato* of Waukesha.

DIETERICH, J.   The parties were married November 9, 1946. Prior to the plaintiff's marriage to the defendant she operated a rooming house at 612 Maple street, Waukesha, Wisconsin. At the time of her marriage to the defendant her separate estate was $15,000. The husband had no estate.

The distribution of property in divorce proceedings is regulated by statute in this state, and the right of distribution in this case must be found in the statutes. Sec. 247.26, Stats., which is applicable here, provides in part:

". . . and the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, . . ."

In *Hartman v. Hartman* (1948), 253 Wis. 389, 393, 34 N. W. (2d) 137, this court said:

"The property may be the property of the wife and yet be derived from the husband so as to bring it within the operation of the statute. The estate which may be derived from the husband clearly includes property the title to which is in the wife. *Martin v. Martin* (1918), 167 Wis. 255, 167 N. W. 304."

It was stated in *Gauger v. Gauger* (1914), 157 Wis. 630, 632, 147 N. W. 1075:

"The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter. Therefore, the trial determination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment. *Newton v. Newton,* 145 Wis. 261, 130 N. W. 105."

The income-tax returns disclose that the wages and tips of the wife during the years 1948 to 1957 were $23,782.77, and the husband's wages during the period from 1948 to 1954 were $18,694.77. During the years 1955, 1956, and 1957 his tax returns disclose a business loss in the operation of Mike's Cocktail Lounge of $7,417.06. The evidence further discloses that the wife received $5,000 from the estate of her son by a previous marriage.

At the time of the divorce the plaintiff's estate consisted of an apartment building that cost $30,000, subject to an existing mortgage in the sum of $6,377.89, a tavern business which in 1954 cost $19,000, a car on which $1,000 was paid, and $5,869.05 in savings accounts, her net estate being $49,531.16.

The defendant husband testified that he did various work around the wife's apartment, including some landscaping

and other incidentals. This was admitted on the part of the wife, but she minimized the extent of such work.

In *Martin v. Martin* (1918), 167 Wis. 255, 263, 167 N. W. 304, this court said:

"The fact that the advances made by the husband in money and labor, and which largely added to the value of the wife's separate estate, became her separate property does not save it from the operation of the statute. The aim of the statute is to secure an equitable division of property, and in accomplishing this purpose the estate of the wife derived from the husband is subject to division as well as the property of the husband. *Gauger v. Gauger, supra.*"

The trial court concluded from the testimony that the labors of the defendant were not so substantial that they greatly enhanced the value of the wife's property and neither could the court conclude that the husband, based upon his income over a ten-year period, had made contributions of money to such an extent as to greatly enhance the value of her estate.

In *Antholt v. Antholt* (1959), 6 Wis. (2d) 586, 588, 95 N. W. (2d) 224, this court said:

"We have held many times that the division of property in divorce actions is a matter peculiarly within the discretion of the trial court and its determination must prevail unless clearly characterized by mistake or error with respect to the facts upon which the court exercised its discretion."

A review of the testimony and evidence considered by the trial court in making its decision fails to disclose any abuse of discretion.

*By the Court.*—Judgment affirmed.