KOLDRICH, Respondent, v. KOLDRICH, Appellant.

*No. 9.   Argued October 1, 1968.—Decided October 29, 1968.*
(Also reported in 162 N. W. 2d 132.)

For the appellant there were briefs and oral argument by *Roy T. Traynor* of Wausau.

For the respondent there was a brief and oral argument by *Jerome A. Maeder* of Wausau.

CONNOR T. HANSEN, J.  The division of estates in a divorce action is peculiarly a matter resting in the discretion of the trial court, subject to rules established by this court for guidance in respect to these matters. The trial court's determination must prevail unless clearly characterized by mistake or some manifest error with respect to the facts upon which it exercised its discretion. *Trowbridge v. Trowbridge* (1962), 16 Wis. 2d 176, 181, 114 N. W. 2d 129; *Polleck v. Polleck* (1959), 8 Wis. 2d 295, 297, 99 N. W. 2d 98.

It, therefore, becomes necessary to examine the record to determine whether the trial court abused its discretion in arriving at the property settlement adjudged in this case.

The trial court valued the gross estate of the parties at $94,000, and determined that $54,400 thereof was the separate property of the wife. Of the remainder, the trial court determined that a property, known as the Washington street property, had a gross value of $38,000. Reduced by mortgage and loan indebtedness, the net value of the Washington street property was determined to be $24,000. The trial court properly determined that an additional mortgage, in the amount of $12,500 from the wife to her two daughters, was not a valid mortgage and therefore could not be set off against the value of the property.

It was further determined that although the title to the property was in the name of the wife, its acquisition was the result of the joint efforts of the parties. The plaintiff-husband was awarded $10,000 as a property

settlement. This sum was payable within one year from the date of the judgment, without interest, and was to constitute a lien on the Washington street property. In the event said sum was not paid within one year it was thereafter to bear interest at the rate of six percent and the lien created could be foreclosed in the manner of a foreclosure of a real estate mortgage.

On this appeal, the wife alleges that the trial court abused its discretion in awarding the husband a sum which approximates 42 percent of the net value of the Washington street property, for the reason that the husband's contribution to the marriage was not sufficient to entitle him to such an award.

At the time of the divorce, in February of 1967, the husband was sixty-six and the wife was sixty-four years of age. The parties were first married in 1945. They were divorced in 1952 and remarried in 1953. The husband had never been married to anyone else. The wife was previously married and widowed in 1934. She has three adult children from this previous marriage. There were no children of the Koldrich marriage.

At the time of the marriage, the wife lived in Ironwood, Michigan. She owned a home which was later sold for $14,000, had an interest in a beauty shop, and owned a $14,000 investment in securities. This investment had appreciated to $43,000 at the time of the divorce.

Sometime after the marriage the parties moved to Ashland, Wisconsin, and entered into a tavern business. The tavern cost $15,000, the husband contributing about $2,500 and the wife the balance. Also the wife spent $3,000 to remodel an apartment in which the parties lived from 1953 to 1961.

Although at the trial there was a conflict in the testimony presented by the respective parties as to who worked the hardest, it is undisputed that they both worked hard at the tavern business. The business was

unprofitable and was sold in 1961 for $9,000. The wife received all of the proceeds. At the time of trial part of the proceeds were still being paid to her in monthly installments.

The parties then moved from Ashland to Wausau. There is a conflict in the evidence as to which party paid the moving costs of approximately $1,000.

In Wausau they started a retail shoe business in leased premises. Each party invested $4,000 in the business. The shoe business operated at this first location for one year and both parties were actively engaged in the enterprise.

During 1962 the Washington street property was purchased and the shoe business was moved to this location. The building has an upstairs apartment which the parties occupied until they parted.

The purchase price of the building was $24,500. Improvements brought the total investment to $38,000. Seven thousand dollars cash was paid down on the building, of which $6,500 was a loan from a Wausau bank. The loan was secured by certain of the wife's securities. This loan was being repaid out of earnings of the shoe store and at the time of the divorce the balance on the loan was $3,352.65.

A purchase money mortgage loan of $20,000 was made by a building and loan association. Part of the loan went for improvements, and it also was being repaid out of the shoe store earnings. At the time of the divorce this mortgage indebtedness had been reduced to $10,752.19.

The parties disagree concerning the hours of work contributed by each in the shoe business at the Washington street location. It appears the parties worked equally hard at the shoe business until 1963, when the husband began part-time work as a bartender. His earnings were contributed to the household.

This shoe business appears to have been unprofitable. Income tax returns introduced in evidence indicate that

the business lost $1,038.31 in 1962, and $5,443.76 in 1963. The wife put income from her investments into the shoe business.

Also, at approximately the same time the wife made the apparent invalid mortgage to her daughters in the amount of $12,500 (1961), she negotiated a $37,500 loan at a Green Bay bank. Some of her securities were used as collateral for this loan. She retained part of the proceeds and loaned $29,000 thereof to her son-in-law. The son-in-law subsequently went through bankruptcy. However, appellant never received a notice of this bankruptcy and the note has been renewed at the bank every ninety days and was still outstanding at the time of the divorce trial.

The parties terminated the shoe business in 1965. The commercial portion thereof was leased for a period of ten years at a monthly rental of $250, with an option to purchase for $25,000. The owners reserved the right to live in the apartment for ten years. At the time of the trial the wife was living in the apartment.

The wife receives about $2,400 a year from dividends. She receives $250 per month rent on the Washington street property and monthly payments of $75 on the balance of the sale price of the Ashland tavern. She testified that these monthly payments were being used to retire the indebtedness incurred at the time of the purchase of the property. She also receives $35.20 per month from social security and occupies the apartment in the Washington street property rent free.

At the time of the divorce, the husband owned an automobile and was making monthly payments of $51.71 on it and monthly payments of $36 on an automobile which he no longer owned. He has not worked since he retired from bartending in 1965. He receives monthly income from social security of $67.80 and a monthly veteran's pension of $105. He has $500 which he drew from a joint checking account shortly before the parties

separated and at the time of the trial had $800 in his own bank account.

Our attention has been directed to various aspects of the conduct of the parties. We have considered these and in this particular case we deem them immaterial to the question of the division of estate of the parties.

The trial court correctly concluded that the fact that the title to the Washington street property was placed in the sole name of the wife does not, in and of itself, indicate that the property is part of the wife's separate estate. Property in the wife's name, if derived in part through the husband's efforts, should be included in the property in determining the division of the estate. *Hartman v. Hartman* (1948), 253 Wis. 389, 34 N. W. 2d 137.

The record leaves no doubt that both the Ashland tavern business and the Wausau shoe business were unsuccessful ventures. Also there is no doubt that each venture was a joint effort of the parties.

A review of the testimony and evidence considered by the trial court in making its decision as to the division of the estate of the parties fails to disclose any abuse of discretion.

*By the Court.*—Judgment affirmed.