JOHNSON, Appellant, v. JOHNSON, Respondent.

*No. 191. Argued March 5, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 230.)

238

For the appellant there were briefs by *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, and oral argument by *Donald L. Heaney*.

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall*.

CONNOR T. HANSEN, J.  On this appeal, the plaintiff makes three assertions:

1. The trial court erred in disregarding the law of the case, as set forth in this court's opinion on rehearing, by refusing to consider the facts stated in the demand for admission of facts.

2. The property division of 10 percent of the trust assets and income to the plaintiff and 90 percent to the defendant constituted an abuse of discretion by the trial court.

3. Plaintiff is entitled to additional attorney's fees under the facts of this case.

*Demand for admission of facts.*

The plaintiff contends that in making the division of the property on remand, the trial court erred by refusing to consider certain facts alleged in the plaintiff's demand for admission of facts as allegedly required in the previous opinion of this court.[1]  The demand for admission of facts [2] had been served on the defendant prior to the time the trial court heard the case on the merits.

---

[1] *Johnson v. Johnson, supra,* 312, 313.

[2] Sec. 889.22, Stats.

The defendant did not respond to the demand for admission of facts. He withdrew his amended answer and consented to a default judgment on the merits of the divorce. The plaintiff presented a minimum quantum of proof and was granted a divorce.

At a later date, a hearing was held on the division of property and related matters. The plaintiff, relying on sec. 889.22 (3), Stats., insisted that the trial court accept as true the alleged facts previously set forth in the demand for facts. The defendant objected to the plaintiff's demand on the ground that the merits of the divorce action were not contested, and that the issue now before the court was the division of property. The plaintiff contended that the facts alleged in the demand for admission had a bearing on the property division.

The trial court refused to accept the facts in the demand as true, but gave the plaintiff an opportunity to prove whatever she might concerning the merits as they bear on the division of property. This, the plaintiff declined to do.

In her first appeal, plaintiff claimed the trial court erred in failing to consider the facts demanded to be admitted. Upon denying a motion for rehearing in *Johnson v. Johnson, supra,* at 314a, this court made the following determination:

"In the instant case the trial court was apprised of the claimed error and chose not to alter its ruling. While this was error and the facts sought to be admitted should have been allowed in evidence, we conclude that the error does not affect the results of the appeal.

"The trial judge stated that he concluded that the defendant was entirely at fault. It is apparent that he made his decision upon this basis, and, of course, must now make the division of property bearing in mind the defendant's culpability, though not to the extent that the process of property division is used as a club to punish the offending spouse."

On remand, the trial court declined to let his consideration of the extent of defendant's fault embrace all of

the facts contained in plaintiff's demand for admission of facts:

"Counsel have focused their attention upon the element of fault. The plaintiff has deemed it a compelling consideration in favor of the wife. The court has allowed it to weigh in her favor but not to the extent urged by her counsel. The court has considered the defendant at fault and accordingly granted a divorce to the plaintiff; however, this consideration does not embrace all of the facts contained in the plaintiff's demand for admission of facts. It must be remembered that the court did not accept the truth of the facts alleged in the demand but afforded the plaintiff the opportunity to prove them, which counsel elected not to do. The record supports no allegation of adulterous conduct on the part of the defendant."

On this appeal, plaintiff contends that the rule of the case from the *Johnson v. Johnson* rehearing was to the effect that the trial court must accept the facts stated in the demand to admit facts and include them as part of defendant's culpability for purposes of the division of property.

Plaintiff has misinterpreted the intent of the decision on the motion for rehearing. While this court did indicate that the trial court erred and that the facts sought to be admitted should have been allowed in evidence, we did not order the trial court to consider those facts. Rather we took cognizance of the fact that the trial court had already adjudged that the defendant was at fault and determined that the trial court should make the division of property bearing in mind defendant's culpability as the trial court had found it.

### Abuse of discretion.

" 'The division of property, in a case of this sort, is peculiarly a matter resting in the discretion of the trial court, subject to such rules as have been established by this court for guidance in respect to the matter. There-

fore, the trial determination must prevail unless clearly characterized by mistake or some manifest error respecting the detail facts upon which it rests, or disregard of established guides, amounting to a pretty clear want of judicial discretion or judgment.'" *Polleck v. Polleck* (1959), 8 Wis. 2d 295, 297, 99 N. W. 2d 98.

Nearly all of defendant's estate (98 percent) was vested in three trusts established prior to his marriage and accumulated through the efforts of his father and grandparents. At the time of the divorce, defendant's share of the trusts was valued at over $1,200,000.

The plaintiff contends that an award to her of 10 percent of any proceeds, whether principal, income or otherwise, received by the defendant from the three trusts is such a small percentage that it constitutes an abuse of discretion.

In this case we are of the opinion that the actual monetary sums involved are also significant.

In *Strandberg v. Strandberg* (1967), 33 Wis. 2d 204, 207, 147 N. W. 2d 349, this court stated:

"Among the circumstances of the case which should be taken into consideration are age, health and ability of the parties to earn, the manner in which the estate was accumulated, the conduct of the parties, and length of the marriage."

In this case the marriage was of six years' duration. There were two children born of the marriage. At the time of the divorce the plaintiff was twenty-five years and the defendant twenty-eight years of age. The plaintiff was in good health, had a bachelor's degree from the University of Wisconsin and was not gainfully employed during the marriage. It appears she had no separate estate.

The defendant is an airline copilot. His salary at the time of the divorce was $550 per month. He testified that his first raise would approximately double his income and would continue to increase possibly to a ceiling of $33,000 per year.

The trial court concluded the defendant was entirely at fault. In addressing itself to the division of property, the trial court considered the health of the parties, their respective ages, the shortness of the marriage, and also gave considerable weight to the manner in which the estate was accumulated:

"Among the factors that make this apportionment a fair one is the manner in which the estate was accumulated. None of it was accumulated by the efforts of the parties. It was derived entirely from the defendant's father and his paternal grandparents by way of inheritance. If he should die before reaching thirty-five years of age, his interest in the trust passes to his children, and his wife would receive nothing. [Note: Only one trust required defendant to live to age 35.]

". . . .

"This is not a case where the wife labored and sacrificed at her husband's side and shared the responsibility for the production of an estate. The plaintiff has done nothing to create this estate, nor was it created by the defendant, and this fact has been a prime reason for the court's judgment."

Assuming the trust continued to pay annual income of $37,000, the plaintiff will receive 10 percent of that, $4,800 per year alimony, and support money for the two minor children. The alimony can be adjusted as the needs and circumstances of the parties require. In addition, when and if the principal of the trusts is distributed, the plaintiff, who was twenty-five years old at the termination of this six-year marriage, will receive $127,700 (based on the valuation of trusts at the time of divorce).

The plaintiff directs our attention to *Roberts v. Roberts* (1948), 253 Wis. 305, 34 N. W. 2d 130; *Caldwell v. Caldwell* (1958), 5 Wis. 2d 146, 92 N. W. 2d 356; *Wahl v. Wahl* (1968), 39 Wis. 2d 510, 159 N. W. 2d 651, as well as other authorities which we have considered. It is observed, however, that the substantial property awarded to the plaintiff in both *Roberts* and *Caldwell*

was in lieu of alimony. Also, in *Wahl* the wife was thirty-eight years of age, the parties had been married thirteen years, and substantially all of the property had been accumulated during the marriage.

We conclude that the trial court did not abuse its discretion in determining the division of the property of the parties in this case.

## Attorney's fees.

The plaintiff also asks that she receive an additional contribution from the defendant for her attorney's fees.

Initially the trial court awarded $3,500 attorney's fees to the plaintiff, plus disbursements in the amount of $515.22. On remand, the trial court awarded an additional sum of $1,750 attorney's fees to the plaintiff. Counsel for the plaintiff alleges fees in excess of $10,000.

The matter of allowance of attorney's fees in a divorce case is discretionary with the trial court, and as pointed out in *Spheeris v. Spheeris* (1967), 37 Wis. 2d 497, 512, 155 N. W. 2d 130, the husband cannot be compelled to pay the entire amount of either attorney's fees or disbursements. The husband "is only required to make a contribution toward them." *Wahl v. Wahl, supra,* at 526.

The trial court has given careful consideration to the allowance of attorney's fees and we cannot find that the allowance determined constituted an abuse of discretion on the part of the trial judge.

The defendant has also appealed from that part of the order entered by the trial court denying defendant's motion for review of the judgment on remand and motions after judgment on remand wherein the trial court was asked to strike the assignment for any percentage of trust funds and to make a cash award in favor of the plaintiff and against the defendant in such sum and amount as the trial court believed the plaintiff would be entitled to receive were the trusts not involved in the case.

The determination of this court on the plaintiff's appeal is dispositive of defendant's appeal.

*By the Court.*—Judgment and order affirmed. No costs are to be taxed in this court.

ROBERT W. HANSEN, J. (*concurring*). This opinion is written to underscore that action of the trial court in making present provision for the future protection of the rights of the minor children involved.

The original judgment provided for the assignment of certain trusts to the clerk of the circuit court for Dane county. The amended judgment adds a provision, for purposes including the assurance that court-ordered child support payments will be made, enjoining the defendant from "alienating, selling, hypothecating, transferring, assigning, pledging, surrender, encumbering or otherwise disposing" of such trusts, adding ". . . nor shall the defendant otherwise act to prejudice the rights of . . . the minor children of the parties to the benefits of the provisions provided for them by this court."

Such affirmative action by the court to provide for the future well-being of the minor children affected by this divorce does more than insure the continuity of child support payments. It provides an assurance that emergency needs in the area of medical, dental and surgical care can be met in the future. It lessens the possibility that improvidence or successor marriage obligations will deprive these children of the opportunity to continue their education beyond high school. Of equal importance is the fact that such sequestering of present assets to protect the children in the future recognizes that under the Wisconsin Family Code a division of estate in a divorce action must be fair to the children as well as to the contending spouses.

In Wisconsin the children ". . . are not to be buffeted around as mere chattels in a divorce controversy, but

rather are to be treated as interested and affected parties. . . ." [1]

Since they are "interested and affected parties" their rights are to be considered in the division of the estate of the spouses as well as in the determination of custody arrangements and visitation privileges. The question must be asked: Does the proposed division of present assets of the parties adequately protect the rights of their children to uninterrupted child support, necessary medical expenses and an opportunity to continue education at the college level? If there is doubt as to whether the rights of the children are being so protected, the trial court should appoint a guardian *ad litem* to represent the children in the action. Such providing of legal representation to determine and protect the rights of children in divorce actions has been authorized,[2] recommended,[3] suggested,[4] and directed [5] by this court in specific situations. It is enough here to suggest that, given

[1] *Wendland v. Wendland* (1965), 29 Wis. 2d 145, 157, 138 N. W. 2d 185.

[2] ". . . to confer with the boy well in advance of the hearing at which his testimony is to be taken . . ." and ". . . may make such further investigation as he deems advisable after such conference." *Edwards v. Edwards* (1955), 270 Wis. 48, 56b, 70 N. W. 2d 22, 71 N. W. 2d 366.

[3] ". . . where the trial court believes that what may be in the best interests of the children may not be brought out by the two contesting parties." *Wendland v. Wendland, supra,* page 156.

[4] ". . . in those instances where the evidence is either nonexistent or inadequate to determine the comparative fitness of the parents and where the best interests of the child are, and ". . . in contested hearings where it is apparent that the dispute is centered on the desire of the parents rather than the best interests of the child." *Koslowsky v. Koslowsky* (1969), 41 Wis. 2d 275, 283, 163 N. W. 2d 632.

[5] ". . . [to aid in considering] all available alternatives [which] must be evaluated in reaching the determination as to what order will best serve the child's present and future well-being." and ". . . to help make clear to the plaintiff and defendant that the controlling consideration is the welfare of their child, not their wishes or desires . . . ." *Dees v. Dees* (1969), 41 Wis. 2d 435, 444, 164 N. W. 2d 282.

so spirited a contest between the spouses over the financial aspects of their going their separate ways, this was a case in which a guardian *ad litem* to speak up for the rights of the children might well have been appointed early in the proceedings. However, since the trial court did adequately provide for the future needs of the children, the purpose of providing such court counsel for the children has been accomplished. The provisions of the judgment protecting the children are not challenged by either parent. They may well have been suggested by them. It is evidence that, however, they may argue about how the turkey is to be carved as between them, they agree that something more than bones is to be left for their children.